Elikapeka *v.* The Ookala Sugar Company.

SUPREME COURT—IN BANCO.

JANUARY TERM—1883.

*Judd, C. J., McCully and Austin, J.J.*

ELIKAPEKA *vs.* THE OOKALA SUGAR COMPANY.

ON EXCEPTIONS.

THE TESTIMONY of a witness that he saw a royal patent in the possession of the patentee is stronger evidence that the patentee was alive when the patent was issued, than the testimony of a witness that the patentee was dead prior to date of patent.

Opinion of the Court by AUSTIN, J.

This is a motion for a new trial by defendant in ejectment on exceptions taken at the trial to rulings of the Justice presiding at the October term, 1882.

First, the defendant claims that by the proofs in the case, it appears that the patentee in the royal patent under whom the plaintiff claims was dead when the patent was executed, and delivered in his name. This was a land grant, and not a royal patent, confirming an award of the Land Commission.

By the dates proved, when the plaintiff closed his case, this would seem to be true.

A motion for non-suit on that ground was made, which was denied, and the defendant excepted.

Had the case closed here, it may be that the defendant should prevail.

But the defendant offered proofs, and the counsel went to the jury on the facts, who found for the plaintiff.

On the argument the defendant's counsel waived his right on the motion for non-suit—and properly so, as we held recently in Liena *vs.* Mary Pahau *et al.*, April term, 1882, and makes his main argument here on the ground that the verdict is against the evidence.

On examining the defendant's evidence, which is available to the plaintiff, we find that Kahue swore that he saw the royal patent in the lifetime of the patentee claimed to be dead ; that witness saw it in patentee's hands. And Kuapuu swears that he knew the getting of the royal patent ; that both the patentees got it, both paid, and got the land together ; and the witness saw the paper in their hands.

This seems strong proof. True, the evidence was direct that the patentee under whom the plaintiff claimed died at a date previous to the date of the royal patent. But dates rest very lightly in most memories, and may be mistaken. An incident like seeing the royal patent in the hands of the patentee would be much more likely to be remembered. The facts were submitted to the jury, and they found that the patentee was alive when the patent was made. We think that there is evidence amply sufficient to sustain the verdict. Even if the plaintiff had not recovered at law, we think she would have had a remedy in equity upon the other facts proved by her as remote heir of the patentee, and therefore entitled to the patent if it was made in the name of the patentee after his death, and if it was error so to do.

The defendant's counsel moved for the direction of a verdict for the defendant, because the plaintiffs claimed as heirs of the patentee, and proved that they were heirs of his heirs.

We think this was not such a defect in pleading, if it were a defect, as to entitle the defendant to relief here. We think

the plaintiffs may be termed by privity the remote heirs of the patentee.

The judgment must be affirmed, with costs.

W. R. Castle for plaintiffs.

E. Preston and R. F. Bickerton for defendant.

Honolulu, February 19, 1883.