## NORTHERN PACIFIC RAILROAD COMPANY *v.* MARES.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF DAKOTA.

Argued December 7, 1887. — Decided December 19, 1887.

*Accident Ins. Co.* v. *Crandal*, 120 U. S. 524, affirmed to the point that the refusal of the court to instruct the jury, at the close of the plaintiff's evidence, that he is not entitled to recover, cannot be assigned for error, if the defendant afterwards introduces evidence.

Under all the circumstances set forth in the statement of facts and the opinion of the court, it was for the jury to determine whether the failure on the part of the plaintiff to work with his fellow-servant was, in fact, contributory negligence on his part; and on the whole case it appears that the cause was submitted by the court to the jury fairly, and with an accurate statement of the law applicable to the relation between the parties.

THIS was an action at law brought by the defendant in error against the Northern Pacific Railroad Company, in the District Court of the Third Judicial District of the Territory of Dakota, to recover damages for personal injuries alleged to have been received by the plaintiff while in the employ of the defendant, by reason of its alleged negligence.

The complaint alleged that on October 31, 1881, the plaintiff was in the employ of the defendant as a brakeman on duty as such in the yard at the city of Fargo, used for the purpose of switching cars to make up trains, in which service a switch-engine was used; that at the time of the injury the engineer of the switch-engine was one Bassett, who, it was alleged, was a man of hasty and excitable disposition and ungoverned, violent, and hasty temper, "and was and had

for a long time been, while in the employ of this defendant as engineer, accustomed to become unduly and dangerously excited and angry, and while under the influence of anger or excitement, and while in the performance of his duty as engineer, was and had been accustomed to act and conduct himself as engineer in a most reckless manner, causing great danger and peril to his fellow-servants, and especially to the brakemen on the train or cars attached to or moved by the engine on which he was engineer;" and that in consequence thereof "the said engineer was, at the time of the injury hereinafter referred to, and for a long time prior thereto had been, negligent, unskilful, unfit, and incompetent to act as engineer of said switch-engine, or of any engine or locomotive; of which facts the defendant had notice and knowledge, and by the use of ordinary diligence defendant would have discovered and learned that he was a negligent and an unfit, unskilful, and unsafe engineer. And this plaintiff had not notice or knowledge prior to the injury to him hereinafter referred to that the said engineer was for any reason or on any account an unfit or unsafe person to act as engineer."

It was further alleged that at the time of the injury the plaintiff "was required, in the performance of his duties as switch-brakeman, to set or fasten, or to loosen the brakes of the cars which were being switched or moved in the said yard, and he was at the time and place aforesaid required to perform the said duty on the cars of the defendant, which were being switched and moved by the engine in which the said Bassett was engineer, and in the moving of cars it was his duty as brakeman to give signals to the said engineer, and of the said engineer to obey such signals; that, at the time and place aforesaid, and while this plaintiff, in the performance of his duties as brakeman as aforesaid, was upon the top of the freight car (part of a train) being removed in the said yard by the engine in which the said Bassett was engineer, and while the said Bassett had control of and was managing said engine, this plaintiff, as it was his duty to do, gave the said engineer a signal to move and 'back' the cars attached to the said switch-engine the length of a certain number of cars

indicated by the signal. And the plaintiff, as he was in duty required to be, was standing on the top of the rear car so being moved backward, and before said cars had been moved backward the distance which they were intended to be removed, and the distance which the signal, given by this plaintiff, required them to be removed, the said engineer unskilfully, negligently, recklessly, and suddenly, and contrary to his duty, stopped and reversed the said switch-engine and the cars attached thereto, and thereby threw the plaintiff off the rear car where he was standing, and where it was his duty to stand, to the ground, and thereupon the said engineer suddenly, negligently, recklessly, and violently and unskilfully, then and there, and before the plaintiff had time to or could move out of the reach of the cars or off the track, moved and pushed the said engine and cars backward upon said track and on to and over the plaintiff, and thereby greatly injured the plaintiff, and crushed and broke both of his legs, so that it then and there became and was necessary to amputate them, and they were then and there, on account of said injuries, amputated," etc.

The answer of the defendant alleged "that the said fall of the plaintiff and his said injuries resulting therefrom were solely caused either by the negligence of the plaintiff himself, or by that of some one or more of the other employés of the defendant engaged at work together with the plaintiff in the defendant's said yard at the time of the happening of the said injuries, and not by any negligence or fault on the part of the defendant."

The cause was tried by a jury, and resulted in a verdict and judgment for the plaintiff of $20,000 and costs. An appeal was taken from the District Court to the Supreme Court of the Territory, where it was heard upon a record containing a statement on motion for a new trial, which it was stipulated might be treated as a bill of exceptions. It embodied all the evidence upon the trial, with the rulings of the court during its progress, and the charge of the court to the jury, with all the exceptions thereto noted. The judgment of the District Court was affirmed. From that judgment the present writ of error was prosecuted.

*Mr. James McNaught* for plaintiff in error.

*Mr. Thomas Wilson* for defendant in error.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

It appears from the bill of exceptions that at the conclusion of the plaintiff's case counsel for the defendant moved for a non-suit, which the court denied, and an exception was taken, which is still insisted on here. The defendant's counsel, however, offered evidence in support of the defence, and thereby waived this exception. *Accident Ins. Co.* v. *Crandal,* 120 U. S. 527. When all the evidence had been submitted on both sides, the defendant by its counsel demurred to the evidence and moved the court to dismiss the action, which the court refused to do; and thereupon the defendant requested the court to direct the jury to find a verdict for the defendant, which request was refused, and an exception taken. The question raised by these rulings, and the exceptions thereto, is whether there was sufficient evidence to justify the court in submitting the cause to the jury.

There was certainly evidence tending to establish the following state of facts: That Bassett had been in the employ of the defendant as engineer in that yard before plaintiff was injured about a year; that during that time he had by his conduct frequently shown his negligence, recklessness, and unfitness for the place; that complaints had at different times been made of his negligent and reckless conduct to the defendant's representatives at Fargo; that, notwithstanding such complaints, he was retained in the same service, except during short intervals when he had been discharged two or three times for misconduct; that the plaintiff at the time of the injury had only been in the employ of the defendant about two weeks, and only about one week of that time with Bassett; that he worked as night brakeman; that on the night of the injury, and about fifteen or twenty minutes before the accident, the yard-master called up the switching crew, who had been asleep for a short time, and ordered plaintiff to direct

Bassett to move his engine so as to commence switching cars at the point named; that they were in haste to get ready for a train soon to come in from the East; that the plaintiff, as directed by the yard-master, urged Bassett to move promptly, on account of which angry words passed between them; that thereafter, while under the direction of the yard-master, they were backing some cars, and while he was standing on top of and near the rear end of the head car, which was the farthest · from the engine, the plaintiff gave a signal to the engineer to back seven or eight car lengths; that it was the duty of the plaintiff to give such signals and of the engineer to obey them, and to continue backing until he was signalled to stop; that when he had backed about three car lengths, without any warning to the plaintiff and without any reason or necessity therefor, he very suddenly, recklessly, and negligently reversed his engine without shutting off the steam, giving the train so sudden and violent a jerk as to throw the plaintiff off and inflict the injuries complained of.

Clearly, this made a case for the plaintiff, unless overthrown by a successful defence.

It is claimed, however, by counsel for the defendant below, that there was evidence showing that the plaintiff was guilty of contributory negligence in two particulars, first, that he had knowledge of Bassett's incompetence, and ought, on that account, to have refused to serve with him; and secondly, that he was standing too near the rear of the car without sufficiently guarding himself, by holding on or bracing himself, against the effect of sudden changes of motion which were to be expected in the business of switching. But whether or not the plaintiff was in such fault as materially contributed to the injury in these particulars depended upon a consideration of all the circumstances of the case, and there was evidence sufficient to justify the jury in concluding, as they did, that the plaintiff was not guilty of negligence in these particulars.

At the request of the defendant the court gave to the jury the following instructions:

"In order to recover in this suit, the plaintiff must have established the following propositions, to wit: 1. That the

plaintiff was hurt through the negligence or improper conduct of Arthur D. Bassett. 2. That the defendant neglected to use ordinary care in the selection of Bassett as the employé for running the switch-engine mentioned in the evidence. 3. That the plaintiff was free from negligence on his part which contributed to the injury."

"If the jury believe that the plaintiff failed to use due care, under all the circumstances, in conducting himself while standing on top of the car referred to in the evidence, and that such want of care on his part contributed to produce his fall from the car, then the jury must find for the defendant."

"If the jury believe that the plaintiff failed to use due care, under all the circumstances, in conducting himself while standing on the car referred to in the evidence, and that such want of care on his part contributed to produce his fall from the car, in such case the jury must find for the defendant, although it is of opinion that Bassett was an unfit person to run the engine in question, and was guilty of actual negligence in running it on this occasion."

"In order to charge the defendant in this suit on the ground of Bassett having been an unfit man to run the engine in question, the unfitness must have been of a nature tending to make working with him and his engine unusually perilous."

The court also, among other things not excepted to, instructed the jury as follows:

"The employer is not liable for damages sustained by one employé caused by the negligence of another employé engaged in the same general business, unless the employer is guilty of negligence from which the injury resulted, and it is held that he who engages in the employment of another for the performance of specific duties and services for compensation, takes upon himself the natural and ordinary risks and perils incident to the performance of such services, and in legal contemplation the compensation is adjusted accordingly. These are perils which the servant is likely to know, and against which he can as effectually guard as the employer; they are perils incident to the services, and which can be as distinctly foreseen and provided for in the rate of compensation as any other."

Also :

" The duties and liabilities of employer and employé to each other are defined by the code or statute of this Territory which must control this case, as follows : ' An employer is not bound to indemnify his employé for losses suffered by the latter in consequence of the ordinary risks of the business in which he is employed, or in consequence of the negligence of another person employed by the same employer in the same general business, unless he has neglected to use ordinary care in the selection of the culpable employé.' "

And :

" But, gentlemen, if you find from the evidence that the defendant company was guilty of negligence in not providing a safe and fit man to run that engine, in consequence of which you also find the accident occurred, still, if the plaintiff failed to exercise that prudence, care, and caution which a prudent man, under similar circumstances, ordinarily would exercise, which contributed to the injury, he is not entitled to recover."

The court also instructed the jury as follows :

" It is also true that if the plaintiff had full knowledge of the reckless and careless habits of the engineer Bassett, as complained of by him, or had reason to know of such recklessness and carelessness, he should either have quit the service or reported the facts to the officers of the company having the power to discharge him, and a failure to do so might be negligence on his part; but, gentlemen, it is for you to say, from all the attending circumstances, whether he was neglectful in that regard.

" While this rule of law above stated is generally true, a reasonable view must be taken in its application here. The evidence tends to show that this plaintiff had been at work in this yard but a short time, and only a part of that time with or under this engineer Bassett. Now, had he such knowledge, or had he such an opportunity to know of the careless and reckless habits of Bassett that rendered it dangerous for him to work with him, and made it his duty to have refused to continue in such service, or have reported him to the officers of the company ? "

And also.

"The plaintiff must establish every material fact by a preponderance of evidence; and the defendant having alleged negligence on the part of the plaintiff, denominated contributory negligence, it must be established by a preponderance of evidence to warrant you in finding it, and upon this question you must decide."

The defendant requested the court to give the jury the following instruction:

"If the plaintiff knew, or had the opportunity of knowing, before his fall from the car in question, that Bassett was an unfit or unsafe man to run the engine in question, in that case it was the plaintiff's duty to refuse to work with him any longer, and his failure to do so would prevent him from recovering in this suit."

Which request to give said instruction the court refused, to which ruling the defendant duly excepted.

The defendant, by its counsel, thereupon requested the court to give to the jury the following instruction:

"The evidence adduced on behalf of the plaintiff tended to show that Bassett was guilty of negligence in running his engine during the same night on which the plaintiff was hurt, previous to the accident, and while the plaintiff was working with him. If the jury believe such to have been the fact, it must find for the defendant."

Which request to give said instruction the court refused, to which ruling the defendant, by its counsel, duly excepted.

At the'plaintiff's request the court gave the jury the following instructions:

"This plaintiff, when he voluntarily entered into the employ of the defendant, took the risk of dangers ordinarily attending or incident to the business in which he was employed, including the perils arising from carelessness of his fellow-servants."

To which the defendant, by its counsel, duly excepted.

The court thereupon, at the request of the plaintiff's counsel, instructed the jury as follows:

"But the above rule is subject to the following limitation

or exception,· viz. : That the master or employer, whether a natural person or a corporate body, is legally bound to use due care not to expose the servant, when conducting the master's business, to perils or hazards against which he may be guarded by proper diligence upon the part of the master."

To this the defendant, by its counsel, duly excepted.

The court thereupon, at the request of the plaintiff's counsel, instructed the jury as follows :

"That in this case, while the defendant did not guarantee to its servants, or to this plaintiff, that the engineer on the switch-engine in its yard at Fargo should be careful or skilful or competent, yet it was bound to exercise proper care to get a person in all respects fit for the place, and if after defendant had employed such engineer it learned, or had reason to believe that he was careless, reckless, or incompetent, it was its duty to discharge him."

To this the defendant duly excepted.

The court thereupon, at the request of the plaintiff's counsel, instructed the jury as follows :

"That if the defendant was careless, either in employing or retaining in its service a reckless, incompetent, or careless engineer on said engine, and on account of the recklessness, incompetence, or carelessness of such engineer the plaintiff was injured, without fault or negligence on his part, then, in such case, the railroad company is liable to him for the damage resulting from such injury."    To this the defendant duly excepted.

The court thereupon, at the request of the plaintiff's counsel, instructed the jury as follows :

"That sound sense and public policy require that railroad companies should not be exempt from liability to their employés for injuries resulting from the incompetency, negligence, or carelessness of co-employés, when, by the exercise of proper diligence, such injuries might be avoided."

To which the defendant, by its counsel, duly excepted.

The court thereupon, at the request of the plaintiff's counsel, instructed the jury as follows :

"That the plaintiff had a right to suppose and assume that

the railroad company had used proper diligence and care in the employment and retention of an engineer."

The court thereupon, at the request of plaintiff's counsel, instructed the jury as follows:

"That what will amount to the proper care and diligence in the selection of a servant for a particular duty or in the retention of such servant will in part depend on the character and responsibility of that duty which said servant is to perform. The greater the danger from the negligence, incompetence, or carelessness, the greater the care should be in his selection or retention; for instance, the same degree of diligence or care which is required in the employment of a locomotive engineer would not be required in the employment of a fireman."

To this the defendant duly excepted.

The court thereupon, at the request of plaintiff's counsel, instructed the jury as follows:

"If Bassett, the engineer in the yard at Fargo, was careless, reckless, or incompetent, and if such carelessness, incompetency, or recklessness caused the injury to the plaintiff, then if the agents or servants of this defendant, whose duty it was at that time to employ and discharge him if unfit, did not exercise due care in the employment of Bassett, or if after he was employed they in fact knew that he was careless, reckless, or incompetent, or if by the exercise of due care they would have discovered that he was careless, reckless, or incompetent, then the railroad company is liable to the plaintiff for any injury he may have suffered from such carelessness, recklessness, or incompetency of Bassett if the plaintiff himself was not guilty of any negligence which contributed to that injury."

To this the defendant duly excepted.

The court thereupon, at the request of plaintiff's counsel, instructed the jury as follows:

"Ordinary care or due care in such cases is not merely such care as other railroad companies exercise under like circumstances, for other railroad companies may be careless. Ordinary care in the selection or retention of servants in such cases implies that degree of diligence and precaution which

the exigencies of the particular service reasonably require—
that is, such care as in view of the consequences that may re-
sult from negligence on the part of employés is fairly com-
mensurate with the perils or dangers likely to be encountered."

To this the defendant, by its counsel, duly excepted.

The court thereupon, at the request of plaintiff's counsel,
instructed the jury as follows:

"The jury have not legally a right to find that the plaintiff
Mares was guilty of negligence which contributed to his injury,
unless the jury finds that that fact is shown by a preponder-
ance of evidence."

And to this the defendant duly excepted.

We think the court was clearly right in refusing to give the
peremptory instructions asked for by the defendant, that if
the plaintiff knew, or even had the opportunity of knowing,
before his fall from the car in question, that Bassett was an
unfit or unsafe man to run the engine in question, it was the
plaintiff's duty absolutely to refuse to work with him any
longer, and that his failure to do so would prevent him from
recovering in this suit. The duty of the plaintiff under such
circumstances is not to be determined by the single fact of his
knowledge of the danger he incurred by continuing to serve
with a co-employé known by him to be an unfit and incompe-
tent person. It was enough for the court to say, as it did,
that a failure on the part of the plaintiff to refuse to work, in
view of that knowledge on his part, might be negligence on
his part. The qualification was correct, that it was for the
jury to say from all the attending circumstances whether his
failure to do so was in fact contributory negligence. A suitable
judgment on that question can only be reached by carefully
weighing the probable consequences of both courses of con-
duct, and it might well happen that even at the risk of injury
to himself, occasioned by the unskilfulness of his co-employé,
the plaintiff might still reasonably be regarded as under a
duty not suddenly and instantly to refuse to continue in the
conduct of the business of his principal. Many cases might be
conceived in which the latter course might even increase the
danger to the plaintiff himself and entail great injury and loss
to others.

Counsel for the plaintiff in error criticises the language of the court in its instruction to the jury, given at the request of the plaintiff's counsel, " that the plaintiff had a right to suppose and assume that the railroad company had used proper diligence and care in the employment and retention of an engineer," on the ground of vagueness and want of distinctness as to what diligence and care under the circumstances would be proper, but no explanation of the charge was asked for by the counsel for the defendant, nor was any exception taken to the instruction as given.

Objection is also taken to that portion of the charge which says : "And the defendant, having alleged negligence on the part of the plaintiff denominated contributory negligence, it must be established by preponderance of evidence to warrant you in finding it." The objection, as we understand it, is, that it was calculated to mislead the jury by not only putting the burden of proof of the fact on the defendant, but also in assuming that they must look for that proof only to the testimony adduced by the defendant. We do not, however, think it possible that any jury could be misled in that way. The whole effect of the charge is, that the fact in question must be established, from the whole testimony, by a preponderance of evidence in its favor. Where the burden of proof rested was immaterial at that stage of the cause when all the evidence was in, and the jury certainly could not suppose that they were confined, in their examination of that question, to the testimony adduced only on the part of the defendant.

On the whole case it abundantly and satisfactorily appears that the cause was submitted to the jury, upon the charge of the court, fairly, and with an accurate statement of the law applicable to the relation between the parties. We find no error in the record ; the judgment is accordingly

*Affirmed.*