JOSEPH H. CONGDON *vs.* H. ACKERMAN and F. A. SCHAEFER.

ON EXCEPTIONS BY PLAINTIFF FROM MCCULLY, J.

JANUARY TERM, 1889.

JUDD, C.J., MCCULLY, PRESTON and BICKERTON, JJ.

DOLE, J., did not sit, having been counsel in other proceedings, the foundation of this suit.

The action being to recover damages for an arrest of plaintiff at defendants' instance, on an allegation that plaintiff was about to leave the Kingdom :

Held, the Trial Justice was right in directing the jury to find for defendants, on the ground that no malice and want of probable cause were alleged and proved.

The plaintiff had his remedy on the bond given at the time of the arrest.

OPINION OF THE COURT, BY PRESTON, J.

This is an action described in the declaration as an action of trespass.

The declaration, stripped of a quantity of unnecessary and embarrassing verbiage, states that on the 20th of December, 1886, an action was commenced in this Court by the defendant, Ackerman, against the plaintiff to recover the sum of $593.63. That plaintiff (whose usual residence was in San Francisco) was at that time in Honolulu, and had prepared to return to San Francisco by the steamer Australia, and that on the 22d December, while on board said steamer, he was arrested and removed from said steamer by a constable in pursuance of a warrant of arrest issued by order of Mr. Justice McCully, upon an affidavit made by the defendant Schaefer, as agent of defendant Ackerman, that the plaintiff was about to leave this Kingdom. That Ackerman's claim was unfounded in law, and that said defendant, Schaefer, maliciously contriving by unjust and arbitrary means to coerce payment by plaintiff of said un-

founded claim, obtained said warrant of arrest. That plaintiff was detained in custody until the 3d of January, 1887, and that said suit was determined in favor of the plaintiff. The plaintiff claimed five thousand dollars damages.

The case was tried at the last October Term before Mr. Justice McCully and a jury, when the Court directed the jury to find a verdict for the defendants on the grounds: That malice was not alleged : That malice and want of probable cause were not proved, because at the time of the attachment there was a debt owing by Congdon to Ackerman in law : That there being a legal debt, Ackerman had the right under the statute to issue the process of arrest, and that the same rule governs cases of this nature as in actions for malicious criminal prosecution, viz., both malice and want of probable cause must be alleged and proved.

The plaintiff excepted to this direction and the exceptions were argued before us at the January term.

Section 953 of the Civil Code, which authorizes the issuing of a process of arrest, reads as follows :

" Upon a complaint verified by the oath of the plaintiff in any suit, or some person on his behalf, being filed with the Clerk of any Court of record, or before any Police Court in this Kingdom, stating that a defendant `*   *   *` is about to quit the Kingdom, it shall be lawful for such court, upon the filing of the bond hereinafter provided, to issue process for the arrest and detention of such defendant, until he shall have entered into security, with sufficient sureties, to abide the result of such suit and to pay the amount of such judgment as shall be rendered thereon ; provided, however, that no such process of constraint shall be issued by such court until such plaintiff, or some person on his behalf, shall have filed a sufficient bond in a reasonable amount for the reimbursement to such defendant of all damages and costs which he shall sustain in consequence of such arrest, in case plaintiff shall fail to sustain such suit."

The plaintiff contends that the action is statutory, and that it was not necessary for him to prove that the arrest was malicious

and without probable cause, and that it was sufficient to prove that the defendant succeeded at the trial of the action in which he was arrested, and that this suit, not being a suit at common law for malicious arrest, the question of malice or no malice could not be considered, except with regard to vindictive damages, and that the plaintiff was entitled to recover actual damages.

The case of *Jerman vs. Stewart et al.*, 12 Fed. Rep., 266, was relied upon by the plaintiff in support of his contention.

We have considered this case and the judgment of the learned District Judge who decided it, but we are clearly of opinion that however correct such decision may be under the statute law of the State of Tennessee, it is not applicable to the case at bar.

The learned Judge says: "The first count of the declaration is in the ordinary common law form to recover damages for the prosecution of an action without probable cause, and that if that had been the only count, and our statute abolishing forms of action did not render it immaterial, it is possible that the plaintiff would be held to show malice and want of probable cause. But the second count states the simple facts, leaving out all averments of malice and want of probable cause; and such an action may be sustained under our system, if the facts justify a recovery in any form."

No such statute is in force in this Kingdom, and the Court is not at liberty to adopt the statute law of any other country.

The plaintiff has his action on the bond, in which it would only be necessary to prove the failure of the defendant to sustain his suit, and the actual damage suffered.

The amount of the bond is to be fixed by the Judge, "in a reasonable amount," which we understand would cover all actual damage, and not consequential damages, which latter could only be recovered where the arrest was malicious and without probable cause.

The existence of probable cause is a question for the Court. The plaintiff maintained and still maintains it was not necessary to prove it, and under those circumstances and consider-

ing that the plaintiff did not allege malice or want of probable cause, we are of opinion that the Court did not err in its instruction to the jury to find a verdict for the defendants, as the action in the form it has been brought cannot be maintained.

The plaintiff claims that the question of malice, so far as it might affect either the liability to pay or the measure of damage, should have been left to the jury. It is sufficient in answer to this to say, that the plaintiff has not alleged malice, and that in the absence of the allegation of want of probable cause, the action could not be maintained if malice had been alleged.

The plaintiff in similar cases has his statutory remedy on the bond for his actual damage, and his action for the malicious arrest without probable cause, in which he may recover all damages sustained by him.

The exceptions are overruled with costs.

*Ashford* and *Ashford*, for plaintiff.

*A. S. Hartwell* and *F. M. Hatch*, for defendants.