## PHILADELPHIA & R. RY. CO. v. YOUNG.

(Circuit Court of Appeals, Third Circuit.        December 5, 1898.)

1. TRIAL—WAIVER OF EXCEPTIONS.
     An exception to the denial of a motion for nonsuit, made at the close of plaintiff's evidence, is waived by the subsequent introduction of evidence by defendant.
2. RAILROADS—ACTION FOR PERSONAL INJURY—SUFFICIENCY OF EVIDENCE.
     The evidence showed that while plaintiff was rightfully on the platform of a station on defendant's railroad a large number of sparks escaped from the bottom of a passing engine, which were blown upon the platform, and one of which struck plaintiff's eye, destroying the sight. There was also evidence tending to show that the escape of sparks in that manner from an engine was not usual if the ash pan was in proper repair, and the engine properly handled. *Held*, that such evidence was sufficient to justify the submission of the question of defendant's negligence to the jury.

In Error to the Circuit Court of the United States for the District of New Jersey.

J. J. Bergen, for plaintiff in error.

Chauncey H. Beasley, for defendant in error.

Before ACHESON and DALLAS, Circuit Judges, and BUTLER, District Judge.

ACHESON, Circuit Judge.    Charles Young brought this suit against the Philadelphia & Reading Railway Company to recover damages for the loss of the sight of his left eye, alleged to have been occasioned by the negligence of the railway company. It appears that on the forenoon of October 11, 1897, the plaintiff took passage on one of the defendant's trains on a trip from Trenton to Philadelphia. The train stopped at Wayne Junction station, where it was necessary for the plaintiff to change trains. The plaintiff got out on the defendant's platform at this station to take the train which was to convey him to his destination. The plaintiff testified that while he was thus on the platform, awaiting his train, a through train of the defendant passed along on one of the tracks near the platform at a high rate of speed; that the furnace door of the locomotive was open, and a man was shoveling coal into it; that he (the plaintiff) saw "a lot of sparks" falling from underneath the locomotive (where the ash pan was), "flying in all directions," "shooting all along the bottom there"; that the wind was blowing towards the station, and the redhot cinders flew towards him, and four or five of them struck his face and clothing, one of them striking right in his eye. He stated that the cinder that struck his eye "must have been a pretty good-sized one," because when he "wiped the eye the handkerchief was full of pieces of cinders"; that there were "small pieces of coal and blood on it." Notwithstanding medical treatment, obtained with rea-

sonable promptitude, the injury to the plaintiff's eye resulted in the total loss of its sight.

At the close of the plaintiff's evidence in chief the defendant's counsel moved the court for a judgment of nonsuit on the ground of alleged lack of proof of negligence. This motion was refused, and its denial is now assigned as error. But the defendant waived exception to this ruling by its subsequent introduction of evidence in defense. Telegraph Co. v. Thorn, 28 U. S. App. 123, 12 C. C. A. 104, and 64 Fed. 287; Railroad Co. v. Mares, 123 U. S. 710, 713, 8 Sup. Ct. 321. The defendant, however, after all the evidence was in, asked for peremptory instructions in its favor, which the court declined to give; and the assignment of error to this refusal presents the principal question in the case, namely, the sufficiency of evidence legitimately tending to show that the injury to the plaintiff's eye was caused by some negligence chargeable to the defendant.

The plaintiff was lawfully on the defendant's platform at Wayne Junction station. Indeed, as he was there for the purpose of making a change of trains, perhaps he might be regarded as having been, at the time of the accident, constructively in the defendant's care as a passenger. At any rate, the defendant owed to the plaintiff the duty of at least reasonable and ordinary protection against the peril of live cinders issuing from its locomotives running past the station in near proximity to the platform. We agree to the proposition that the defendant is not liable to the plaintiff for damages necessarily caused by the careful and skillful exercise of its lawful rights, and, undoubtedly, the burden was on the plaintiff to prove negligence on the part of the defendant occasioning the injury complained of. Negligence, however, may be established by circumstantial evidence, and proof of the occurrence of an accident which ordinarily would not have happened if due care had been exercised may justify an inference of negligence. This accident occurred in the daytime, yet, upon the plaintiff's account of the matter, the sparks were plainly visible. It is, then, a rational supposition that the sparks were of large size. Certainly this seems to have been the character of the live cinder which struck and destroyed the plaintiff's eye. Moreover, according to the plaintiff's testimony, the sparks fell from underneath the locomotive in great numbers. Now, the evidence warrants the belief that a properly constructed and carefully managed ash pan would have prevented such an emission of sparks, and, indeed, any considerable fall of sparks. Upon the theory of proper care and absence of fault, the accident here is unaccountable. One of the defendant's witnesses, a locomotive fireman, testified that if he saw a spark coming from the ash pan he "would think something must be wrong." Other witnesses gave testimony of the like import. The evidence as a whole, we think, was amply sufficient to carry the case to the jury. Huyett v. Railroad Co., 23 Pa. St. 373; Railroad Co. v. McKeen, 90 Pa. St. 122. Although the defendant introduced testimony to show that the appliances upon its locomotive for preventing the emission of sparks were of the best known kind, and that they were in good order, and carefully handled, still, under the entire evidence, and in view of all the circumstances, the question of negligence was not one of law for the deter-

mination of the court, but was a question of fact to be submitted to the jury.

The parts of the court's charge embraced in the fourth and fifth assignments seem to us to be free from error. Those instructions on the whole were very favorable to the defendant. Under the charge there could be no verdict for the plaintiff unless the jury found the defendant to have been guilty of negligence. The judge said: "It must be shown that the defendants have been guilty of some negligence; that they have failed in some duty to this plaintiff,—either they have not used proper appliances, or, if they have used proper appliances, they have not used them with reasonable care." Several experienced witnesses had testified, in substance, that the emission of sparks would indicate that something was wrong with the ash pan, and the court was justified in submitting to the jury the question whether proper appliances had been used.

We do not perceive that any error was committed in allowing this question and answer: "Q. Is there any general custom, that you know of, with regard to firing or not firing an engine as it passes a railroad station? A. Well, it is generally the rule not to fire at stations." The witness had been a railroad engineer. He stated the reason for the general rule, namely, the danger of sparks flying from the smokestack and ash pan during the operation of firing. The evidence related to general usage, and bore on the question of the exercise by the defendant of ordinary care. The judgment of the circuit court is affirmed.