## WALTER C. PEACOCK *v.* JOHN G. ROTHWELL.

EXCEPTIONS FROM CIRCUIT COURT, FIRST CIRCUIT.

ARGUED OCTOBER 9, 1907.          DECIDED NOVEMBER 4, 1907.

HARTWELL, C.J., WILDER, J., AND CIRCUIT JUDGE LINDSAY
IN PLACE OF BALLOU, J.

WRONGFUL ATTACHMENT—*pleading—probable cause.*

A complaint in an action claiming actual and also exemplary
damages resulting from an action by defendant in which plain-
tiff's property was attached cannot be sustained as an action
for malicious prosecution for lack of averments that the action
was brought maliciously and without probable cause and ter-
minated in plaintiff's favor.

Regarding the action as brought for a wrongful attachment
ancillary to the main action requiring malice and want of prob-
able cause but not favorable termination, the averments that
defendant acted with deliberate malicious intent and without
probable cause in making his complaint and that he deposed
therein falsely, fraudulently and maliciously that the plaintiff
was about to remove his property with intent to dispose of it in
fraud of his creditors may be treated as sufficient averments of
malice and want of probable cause in procuring the attachment
good after verdict.

Probable cause is for the court, and not the jury, to pass upon
if the evidence is undisputed on which the want or existence of
probable cause is claimed. .

OPINION OF THE COURT BY HARTWELL, C.J.

The defendant, as executor, having brought an action against
the plaintiff to recover the sum of $554 payable for rents, taxes
and water rates on a lease from the decedent and having ob-
tained an attachment of the plaintiff's collection of stamps on

the ground, averred in his complaint, that the plaintiff was about to remove his property from the jurisdiction of the court "with the intent to dispose of the same in fraud of his creditors," the attachment was dissolved on the plaintiff's motion by consent of the defendant who subsequently discontinued the action acknowledging "receipt from the defendant of all sums claimed in said cause." The plaintiff then brought this action to recover damages alleged to have been received by him in consequence of the former action, averring in his complaint that the defendant in his complaint in that action "falsely, fraudulently and maliciously deposed" that the plaintiff was about to remove his property with the intent to dispose of it in fraud of his creditors, and that in signing, swearing to and filing his complaint he acted with deliberate malicious intent and purpose and without probable cause, and with malicious intent to subject plaintiff to the suspicion, scorn, odium and contempt of his neighbors and acquaintances and of the public in general and to injure and destroy the plaintiff's credit and official standing; that the defendant's complaint prayed for process of constraint to issue against the plaintiff's property "and that in pursuance of said prayer and of said complaint" the defendant caused and procured the issue of the writ and order of attachment of the stamps and thereby caused and procured the stamps to be attached; that the attachment had been dissolved and the matter of the attachment "absolutely determined and ended in favor of this plaintiff."

Upon the overruling of defendant's demurrer to the complaint for misjoinder of causes of action and on the ground that several causes are joined together without being separately stated he answered with a general denial and the cause went to trial resulting in a verdict for the plaintiff for $500. The defendant excepted to the overruling of his demurrer, to rulings concerning evidence, to the denial of his motion for a nonsuit on the ground that the undisputed evidence negatived the allegation of want of probable cause, to instructions given and refused, to the verdict as contrary to law, the evidence and

weight of evidence and on the ground of excessive damages, and to the denial of his motion for a new trial upon the grounds on which the verdict was excepted to and for errors in rulings to which exceptions had been taken and allowed.

Considering first the exception to the overruling of the demurrer, if the complaint is regarded as brought for malicious prosecution it is demurrable for absence of averments that it was brought maliciously and without probable cause and that it terminated in the plaintiff's favor.

"But even the courts which hold that an action lies if no other injury is done than to vex and annoy a defendant and cause him the expense of engaging counsel uniformly hold that the suit complained of shall terminate in favor of the defendant before he can bring an action against the plaintiff for its malicious prosecution.

"The reason for this requirement is variously stated. It is not until the suit is ended that it can be judicially ascertained whether it is justifiable or brought in malice and without probable cause. Malice alone is not enough; there must also be want of probable cause for bringing the action to make one liable for its malicious prosecution." *Wilcox v. Berrey,* 16 Haw. 41.

The court instructed the jury, "This is an action for malicious prosecution," and it is so termed in the plaintiff's brief, although in response to a question of the court during the argument he termed it "An ancillary proceeding instituted in a civil suit for the purpose of securing an attachment," which he claims is sufficiently averred to have been obtained maliciously and without probable cause.

Regarding the case as brought for a wrongful attachment ancillary to the main action and requiring malice and also, in view perhaps of the exemplary damages sued for, requiring want of probable cause, but not requiring a favorable termination of the main cause, the complaint is not demurrable for failing to aver that the main cause was brought maliciously and without probable cause and that it terminated in the plaintiff's favor. While the complaint has the unnecessary and embarrassing verbiage to which the court refers in the similar case of

*Congdon v. Ackerman,* 7 Haw. 569, the averment that in making the complaint averring removal of property, etc., and praying for an attachment, the plaintiff acted with deliberate malicious intent and purpose against this plaintiff and without probable cause may be treated as a sufficient averment of malice and want of probable cause in procuring the attachment which is good after verdict and as against the objections named in the demurrer, "for had the attention of the court been specifically called to the form of the allegation the defect might have been cured by amendment." *Byersdorf v. Sump,* 39 Minn. 439. The exception to overruling the demurrer is therefore not sustained.

Referring next to the exception to the denial of a nonsuit, which the plaintiff claims was waived by the defendant in going on with his defense, it has been held here as elsewhere that when the deficiency is supplied by one side or the other the error of refusing nonsuit is cured or is deemed to have been waived. *Elikapeka v. The Ookala Sugar Company,* 4 Haw. 626; *Liena v. Pahau,* Ib. 476; *Carter v. Wing Chong Wai Co.,* 12 Ib. 296; *Gagnon v. Dana,* 69 N. H. 264; *Accident Ins. Co. v. Crandal,* 120 U. S. 527; *Northern Pacific Railroad v. Mares,* 123 U. S. 710.

*Columbia Railroad Co. v. Hawthorne,* 144 U. S. 202, 206, refuses to consider such an exception upon the ground that "a request for a ruling that upon the evidence introduced the plaintiff is not entitled to recover cannot be made by the defendant, as a matter of right, unless at the close of the whole evidence; and that if the defendant, at the close of the plaintiff's evidence, and without resting his own case, requests and is refused such a ruling, the refusal cannot be assigned for error." In the view which we have taken of the facts in this case, which bear upon the question of probable cause, it is unnecessary to pass upon this exception.

There is no doubt that the court, and not the jury, must pass upon the question of probable cause or its absence if there is no dispute about the facts on which the plaintiff bases his claim

of want of probable cause or on which the defendant bases his claim that it existed. *Ah Chew v. Wong Kwai,* 3 Haw. 85; *Alau v. Parke,* 5 Ib. 2, reversing a judgment for the plaintiff on the ground that the court refused to find upon the facts but submitted to the jury the question whether there was prob- ⸱ able cause.

The evidence was undisputed that owing to an unfortunate hotel venture the plaintiff was financially embarrassed and unable to pay his debts and that with the exception of a lease-hold of no immediate value to his creditors his property was mortgaged at the time when this collection of stamps, which was attached, was sent by him from the Haleiwa Hotel on Oahu to an employee in his Honolulu store, of which the defendant was in charge, with instructions to consign it to San Francisco addressed to a son of his sister who was one of his creditors. These facts became known to the defendant and upon laying them before his attorney he brought the attachment suit, reluctantly consenting to the averment complained of upon the attorney's advice that it was necessary. The long and intimate business relations between the parties implying mutual con-fidence and esteem and the plaintiff's reputation for business integrity would, it is said, lead the defendant to believe that the plaintiff did not intend to defraud his creditors. It was mainly upon these considerations that the trial judge denied the defendant's motion for a new trial expressing his opinion that the case, instead of showing cause, showed the lack of it and that the defendant did not believe that the plaintiff entertained a fraudulent intent.

But the facts were clear, presenting a question for the court alone to pass upon. The jury could, with no more certainty than the court, divine the inner or underlying motive of intent. The plaintiff having long delayed payment of this debt to the executor on the ground that he had not the means to pay it, it was reasonable to think that his object in sending the stamps away was to sell them and to do this not in order to pay this debt, for if that was his intention he would have been likely

to mention it to the defendant, but with intent to use the proceeds for other purposes which would be a legal fraud upon a creditor who received no benefit from them. It was anything but unreasonable for the defendant, as executor, to get the property attached which was about to be removed from the Territory in order that it might be available for execution on the judgment to which he was entitled. The removal of property from the reach of creditors is common enough with persons of undoubted integrity who do not thereby mean to cheat, and yet the act constitutes a fraud upon creditors and the law treats one as intending the natural and plainly probable consequences of his acts. Sec. 2729 R. L.

But it appears to have escaped the attention of the attorneys in the case that the statute (Sec. 1706 R. L.), authorizing attachments in district court cases upon the plaintiff's affidavit that the defendant was about to dispose of his property with intent to defraud his creditors, does not apply in actions upon unliquidated demands brought in circuit courts in which it is requisite in order to obtain an attachment to aver no more than that the defendant was disposing of his property. Sec. 1714 R. L.

The statute, therefore, was satisfied by a sworn statement that the defendant was disposing of his property and did not require the averment that he was doing this with intent to dispose of it in fraud of his creditors. It was not open to doubt that the defendant was disposing of his property or that he was sending the stamps away for any other purpose. In this view the attachment was in every way authorized by the facts.

The exception to the refusal to instruct the jury to find a verdict for the defendant must be sustained and judgment non obstante entered for the defendant.

*C. W. Ashford* for plaintiff.

*A. G. M. Robertson* for defendant.