## ATLANTIC COAST LINE R. CO. v. CONNOR.

(Circuit Court of Appeals, Fourth Circuit. February 7, 1912.)

### No. 1,049.

TRIAL (§ 419[*]) — CONCLUSIONS OF LAW OR FACT — MOTION FOR NONSUIT—
WAIVER.

    Denial of a motion for nonsuit at the close of plaintiff's case was waived by defendant's introduction of evidence on its own behalf.

    [Ed. Note.—For other cases, see Trial, Cent. Dig. § 982; Dec. Dig. § 419.[*]]

In Error to the Circuit Court of the United States for the District of South Carolina, at Columbia.

Action by W. Y. Connor against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Douglas McKay (Barron, Moore, Barron & McKay, on the brief), for plaintiff in error.

W. Boyd Evans (Lawson D. Melton, on the brief), for defendant in error.

Before PRITCHARD, Circuit Judge, and McDOWELL and CONNOR, District Judges.

PRITCHARD, Circuit Judge. This is an action at law instituted by the defendant in error (the plaintiff below) in the Circuit Court of the United States for the District of South Carolina against the plaintiff in error (the defendant below) to recover damages on account of personal injuries alleged to have been sustained by reason of the negligence of the plaintiff in error. The allegations relating to negligence were denied, and the defendant also pleaded contributory negligence as a further defense to the action. The case was tried at the November term, 1910, resulting in a verdict in favor of the plaintiff for the sum of $1,000. From this verdict and judgment the plaintiff sued out a writ of error to this court, on the ground that the presiding judge erred in refusing the defendant's motion for nonsuit upon the trial of the case.

For the purpose of convenience, the plaintiff in error will hereafter be referred to as the defendant below, and the defendant in error as the plaintiff below, that being the relative position of the parties in the lower court. It appears from an examination of the record that all of the assignments of error are based upon exceptions which relate to the refusal of the court below to grant the motion for nonsuit made by the defendant at the close of the testimony in chief of the plaintiff. However, it appears that the defendant, after having made this motion, introduced testimony in its defense. Therefore the question arises as to whether the defendant did not thereby waive any exception it may have taken to the refusal of the court below to direct a verdict.

In the case of Union Pacific Railroad Company v. Daniels, 152 U. S. 684, 14 Sup. Ct. 756, 38 L. Ed. 597, Chief Justice Fuller, in speaking for the court, said:

"At the close of the plaintiff's evidence, the defendant moved to dismiss the complaint, which motion was denied, and defendant excepted. Thereupon the defendant proceeded with its case and adduced evidence on its part. This waived the exception, and the action of the court in overruling the motion to dismiss cannot be assigned for error. Columbia & Puget Sound Railroad v. Hawthorne, 144 U. S. 202 [12 Sup. Ct. 591, 36 L. Ed. 405]; Brown v. Southern Pacific Co., 7 Utah, 288, 291 [26 Pac. 579]."

Also the following cases are in point: Northern Pacific Railroad Company v. Mares, 123 U. S. 710, 8 Sup. Ct. 321, 31 L. Ed. 296; Insurance Company v. Crandal, 120 U. S. 527, 7 Sup. Ct. 685, 30 L. Ed. 740.

There being no other assignments of error, except those which relate to the refusal of the lower court to grant the defendant's motion for nonsuit, it necessarily follows that there is nothing before the court for our consideration except the motion to penalize the plaintiff under section 2, rule 30, of this court (150 Fed. xxxv, 79 C. C. A. xxxv). The section in question reads as follows:

"In all cases where a writ of error shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages at a rate not exceeding ten per cent., in addition to interest, shall be awarded upon the amount of the judgment."

After a careful consideration of the facts upon which this motion is based, we are impelled to the conclusion that the same is without merit, and it is therefore refused.

The judgment of the lower court, for the reasons herein stated, is affirmed.

Affirmed.