Syllabus.

# ABRAHAM K. KAILI v. INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED.

## No. 1256.

ERROR TO CIRCUIT COURT FOURTH CIRCUIT.
HON. C. K. QUINN, JUDGE.

ARGUED JANUARY 28, 1921.                DECIDED FEBRUARY 18, 1921.

COKE, C. J., KEMP AND EDINGS, JJ.

TRIAL—*nonsuit.*

The erroneous denial of a nonsuit for want of sufficient evidence is harmless error where after such denial the defect in plaintiff's proof is supplied by evidence introduced by either party.

PLEADING—*amended pleadings.*

Under our statute of amendments (Sec. 2371 R. L. 1915) it is proper for the court to allow the plaintiff to amend his complaint. after all the evidence is in where the amendment serves to make the pleadings conform to the proof.

CARRIERS—*duty to warn passenger of danger—instruction.*

In an action for damages for personal injuries by a passenger against the owner of a vessel an instruction to the effect that it was the duty of the officers in charge of the vessel to warn him of any danger which may be apprehended or foreseen with reference to the place of riding, and which fails to tell the jury that there was no duty to warn him if the conditions which constituted the danger were as observable by him and as obvious to him as they were to them, is erroneous.

OPINION OF THE COURT BY KEMP, J.

This is an action for damages for personal injuries brought by the plaintiff Abraham K. Kaili against the Inter-Island Steam Navigation Company, Limited. The injury for which the plaintiff seeks to hold the defendant liable in damages was caused by his right foot being

caught between the side of the Mauna Kea, the defendant's vessel upon which plaintiff was a passenger, and Kuhio wharf at Hilo, as the vessel was maneuvering to depart. The trial before a jury resulted in a verdict and judgment in favor of plaintiff for $5000 and the defendant brings the case here upon writ of error.

It is not contended that the verdict is excessive if plaintiff is entitled to recover at all. The injury which he received was quite a severe one, his right foot being crushed and broken as the result of which he was confined in a hospital for more than seven months under the care of a physician and surgeon and suffered great pain and still suffers to some extent. It is also apparent from the testimony of the attending physician that his injury is permanent to the extent that he will always be lame on account of tenderness in the injured foot.

Preliminary to a discussion of the assignments of error it will be well to state as briefly as we may the effect of the pleadings and a general outline of the evidence. The original complaint was drawn upon the theory that the steerage quarters of the vessel were overcrowded and plaintiff compelled thereby, and by the command of the ship's officers to the plaintiff and other steerage passengers as they entered the boat to move back, to take up his position where he did; that the ship was negligently handled by its officers as she was leaving the wharf and that as the result of this negligence the stern of the vessel was brought in contact or collision with the wharf catching plaintiff's foot between the boat and the wharf and crushing it. The defendant answered by general denial and gave notice that it would rely upon the defense of contributory negligence.

At the close of plaintiff's evidence defendant moved for a nonsuit which motion was overruled by the court for the reasons stated, first, "that no grounds for a motion for

a nonsuit have been specified in the motion," and second, "for the reason that it is a mixed question of law and fact as to the proximate cause of injury which should be left to the jury under proper instructions from the court." The defendant did not elect to stand upon its motion for a nonsuit and introduced a mass of evidence at the close of which plaintiff, after introducing a small amount of rebuttal evidence, moved the court for permission to amend his complaint in order to make it conform to the proof. Leave to amend the complaint was granted and the amended complaint contains an additional allegation of negligence to the effect that plaintiff was unaware of the fact that the position and place which he was occupying were dangerous and would and did expose him to the danger of serious injury by the probability of the vessel colliding with the wharf, and while defendant knew that he together with other passengers similarly situated was occupying a dangerous position and that he was exposed to the aforesaid danger yet the defendant failed and neglected to give him sufficient warning of such danger to allow him to obtain a place of safety.

Uncontroverted evidence shows that plaintiff was a steerage passenger on the Mauna Kea, one of defendant's vessels, at the time he was injured; that he together with 189 other draftees of the United States army, was placed on board for transportation from Hilo to Honolulu as a steerage passenger, and that the steerage capacity of the Mauna Kea is fixed by the proper authorities at 190 persons; that the steerage quarters of the Mauna Kea with the exception of the space at and near the stern are enclosed affording no opportunity for a view to the outside; that as soon as plaintiff went aboard he was ordered aft by a ship's officer whereupon he pushed his way through the crowd assembled in the after part of the steerage quarters and seated himself upon the rail of the

vessel near the stern on the side next the wharf with his feet, or at least one foot, on the outside of the vessel; that the rail where plaintiff was seated was two or three feet above the floor of the steerage and about level with the floor of the wharf so that his foot in the position in which he placed it was between the side of the vessel and the side of the wharf; he being situated on the portion of the vessel where it rounds off to the stern there was a space of four or five feet between the boat at this point and the wharf; that the vessel in leaving the wharf is compelled on account of shallow water or the reef forward of the bow to so maneuver that the bow swings sharply away from the wharf and causes the stern to swing in to the wharf and to almost always come in contact or collision with the wharf as it did upon the occasion in question; that when the stern of the vessel on this occasion swung around toward the wharf plaintiff's foot was caught between the two inflicting the injury of which he complains; that the second mate and several minor employees of the vessel were on the aft-steerage deck in close proximity to plaintiff from the time he took his position on the rail until the happening of the accident; that plaintiff had never traveled on the Mauna Kea or any other steamer except one trip several years before when he traveled from Maui, where he was born, to Hilo on the Mauna Kea; that plaintiff's passage as a steerage passenger called only for deck space and did not include bed or seating facilities. There was evidence from which the jury would be justified in finding that plaintiff did not know or realize that his position was dangerous and that no warning was given him of his danger by either the officers or employees of the defendant or by any one else although it must be conceded that when considered purely from the standpoint of the number of witnesses the preponderance of the evidence is to the effect that plaintiff

was warned of his danger both by the officers and employees of the defendant and by others.

The first assignment of error is to the refusal of the court to grant defendant's motion for a nonsuit made under the circumstances above stated. As the merits of the assignment must be now considered in the light of the whole record and not as it was when the motion was made, and as the motion was not renewed at the close of the evidence in the same form but was in effect renewed by defendant's request for an instructed verdict, we will discuss the question of the sufficiency of the evidence under that assignment. For authorities to the effect that the erroneous denial of a nonsuit for want of sufficient evidence is harmless error where after such denial the defect in plaintiff's proof is supplied by evidence introduced by either party see *Peacock* v. *Rothwell,* 18 Haw. 464, 467, and authorities cited. It would therefore be useless to discuss this assignment especially since the same question under all the facts is again presented by other assignments of error.

The second assignment of error complains of the ruling of the court in permitting plaintiff to amend his complaint at the close of the evidence. In this we see no error provided the amendment was justified by the evidence which had been introduced. Under our very liberal statute of amendments (Sec. 2371 R. L. 1915) it was proper for the court to allow the amendment at the time it was offered provided it served to make the pleadings conform to the proof.

The question of the sufficiency of the evidence, as we have already intimated, was raised by defendant's proffered instruction No. 1, which was refused by the court, and is made the subject of an assignment of error. The proffered instruction is as follows:

"The plaintiff has by his own testimony shown that he

got up on the outside of the rail of the vessel, at its stern, and sat himself with his right foot hanging over the rail down on the outside of the vessel, and that he was seated directly opposite the wharf, and that his foot was below the level of the wharf.

"The defendant is entitled to the legal presumption that the plaintiff was a person of ordinary intelligence and capable of observing whatever might reasonably be apparent to that kind of a person, and, therefore, it had every right to believe that the plaintiff while sitting there would see that the vessel was moving its stern closer to the wharf and that his foot was down between the wharf and the vessel.

"It is also clear that the plaintiff would not have been injured if he had kept his leg inside of the steamer, or if, on the vessel closing in toward the wharf, he had paid ordinary attention to what was going on before his eyes.

"The court therefore instructs you that the plaintiff was guilty of such contributory negligence that his claim in this suit is barred thereby.

"You must therefore bring in a verdict for the defendant in this case. No other verdict would be proper."

Plaintiff's whole theory of his right to recover is contained in three instructions given to the jury by the court at his request, each one of which is made the subject of an assignment of error. These instructions are numbered 3, 4 and 6 and are as follows:

"3. You are further instructed that a carrier of passengers on ships owes to the passenger the duty of protection during transportation in order that, while on the carrier's vessel, he may enjoy safety. This duty of care involves warning of danger so far as such warning may enable the passenger to protect himself against any injury which might be anticipated by the officers of the vessel in the exercise of a high degree of care and foresight, and the carrier will be liable for an injury which might have been avoided if due warning had been given. Thus the officers in charge of a vessel should notify passengers of any danger which may be apprehended or foreseen with reference

to the place of riding, or of any other peril to which they are subjected; and, where a passenger is in a position rendering him liable to be injured by the vessel striking against the wharf, it is the duty of the officers in charge who have knowledge of the passenger's dangerous position, and that he is oblivious or unconscious of such danger, to warn him thereof."

"4.    You are also instructed that while the plaintiff was bound to use care for his own safety, the degree of care required of him was not the highest degree of care or prudence, such as was required of the defendant in the care for the safety of its passengers, nor was it that degree of care that an unusually cautious man or a man of extraordinary prudence would have exercised, but the degree of care expected of the plaintiff was but that degree of care which an ordinarily careful and prudent man would have exercised under similar circumstances.    And in this connection you are charged that the fact that plaintiff was so seated that his legs projected beyond the extreme limits of the Mauna Kea, does not necessarily, as a matter of law, render him guilty of contributory negligence or bar him from recovering."

"6.    You are further instructed that while as a general rule of law the negligence of a passenger will bar a recovery for injuries sustained by him, if such contributory negligence is the proximate cause of the injury, yet this rule is subject to the doctrine that if the negligence of the passenger is known to the employees of the carrier, and by the exercise of the degree of care required of carriers for the protection of their passengers the injury likely to result from such negligence might have been avoided, then the carrier is liable for the fault of its employees in not avoiding such injury, such fault being deemed the proximate cause thereof, while the negligence of the passenger becomes the remote cause.    This rule applies, of course, only when the carrier's opportunity of preventing the injury by the exercise of due care is later in point of time than that of the passenger.

"If therefore you should find that even if the plaintiff was negligent in exposing himself to danger by sitting upon this rail, still if after he got in this situation of dan-

ger the ship's officers knew his danger and did not give him proper and reasonably sufficient warning and he was reasonably oblivious to the approaching danger, and the injury to the plaintiff resulted from his failure to receive due warning, then the negligence of the ship's employees in failing to give such warning is in law regarded as the last negligence that caused the injury, and the plaintiff's prior negligence will not prevent a recovery by him, and your verdict must be for the plaintiff."

From the foregoing it will be seen that the plaintiff in submitting his case abandoned his original claim that the defendant was negligent in maneuvering its vessel and relied entirely upon the claim set up in his amendment that it was negligent in failing to warn him of the danger of his position. Sufficient facts were shown to authorize the submission of the case to the jury on this theory, under proper instructions, hence the defendant's first instruction which would have instructed a verdict in its favor was properly refused. In order to have justified this instruction it must have appeared by the uncontroverted evidence that the conditions which created the danger to which plaintiff's voluntary act of seating himself upon the rail of the vessel exposed him were as observable and obvious to him as they were to the officers and employees of the defendant. We canont say as a matter of law that this was so but it was for the jury to say under the facts submitted whether the conditions which rendered his position dangerous were as apparent to him as to them. We think, however, the court failed to appreciate this element of the case in passing upon the instructions to the jury in behalf of plaintiff and assumed that these conditions were not as apparent to him as they were to defendant's officers and employees instead of including this as an element to be found by it from the evidence as a prerequisite to plaintiff's right to recover. By instruction No. 3 given at plaintiff's request the jury was

told in effect that if the plaintiff by seating himself upon the rail of the vessel exposed himself to a danger which defendant's officers might by the exercise of proper care have anticipated and failed to warn him plaintiff was entitled to recover without informing it that if the conditions which rendered his position dangerous were as obvious to him as to them there was no duty on their part to warn him. The law which we have attempted to set forth above is to be found in 10 C. J. p. 910, the authority cited by plaintiff in support of his instruction No. 3. This instruction follows the text closely as far as it goes, but to our mind the failure to include this additional element renders it fatally defective. Whether this instruction would have been cured by giving an additional instruction containing this element we need not consider since no such instruction was given.

We have set out above all of the instructions given in behalf of plaintiff which undertake in any way to define his right to recover. Numerous instructions were given in behalf of defendant, some of which in our opinion should not have been given, and others which were requested were refused. While we are unable to say that any of the instructions requested by defendant and refused should have been given in the form in which they were offered yet we think instruction No. 16, requested by defendant and refused, sufficiently called to the attention of the court the proposition of law which we have set forth above.

For the errors pointed out the judgment must be reversed and the cause remanded to the circuit court for a new trial and it is so ordered.

*J. W. Russell* (*Russell & Patterson* on the brief) for plaintiff.

*L. J. Warren* (*Smith, Warren & Stanley* on the brief) for defendant.