## ABRAHAM K. KAILI *v.* INTER-ISLAND STEAM NAVIGATION COMPANY, LIMITED.

### No. 1256.

ERROR TO CIRCUIT COURT FOURTH CIRCUIT.
REHEARING.
HON. C. K. QUINN, JUDGE.

ARGUED JUNE 7, 8, 1921.                    DECIDED JUNE 27, 1921.

COKE, C. J., KEMP, J., AND CIRCUIT JUDGE DeBOLT
IN PLACE OF EDINGS, J., ABSENT.

CARRIERS—*duty to warn passenger of danger.*

> When a passenger is in a dangerous position and is unconscious of his danger and the carrier knows both that the passenger is in danger and that he is unconscious thereof it is the duty of the carrier to exercise due and proper care for his safety which would include giving to the passenger proper warning, provided his danger was discovered in time to have prevented the accident.

### OPINION OF THE COURT BY KEMP, J.

The plaintiff's petition for a rehearing having been granted and the cause reargued the matter is now before us for a review of our former opinion. In that opinion, filed February 18, 1921, and reported in 25 Haw. 777, we held that there was prejudicial error in the instructions read to the jury in behalf of the plaintiff and ordered the judgment in his favor reversed and the cause remanded for a new trial. The instructions and the circumstances

under which they were given are sufficiently set forth in that opinion. The argument at the rehearing took a wide range amounting in effect to a reargument of the whole case but we think it only necessary to discuss the question of the correctness of the instructions formerly held to be erroneous we being satisfied with our former opinion on all the other questions.

A careful reconsideration of those instructions has convinced us that we were in error in holding that it was therein assumed that the conditions which rendered plaintiff's position dangerous were not as apparent to him as they were to the officers and employees of the defendant. Under the instructions as given the jury in order to find for plaintiff was required to find not only that the officers and employees of the defendant knew of plaintiff's danger and failed to warn him thereof but that plaintiff was himself reasonably unconscious of such danger and that said officers and employees knew he was unconscious thereof. In order for the jury to find that the plaintiff was reasonably unconscious of the fact that he was in danger and to further find that the officers and employees of the defendant knew of his danger they would have to be convinced that the conditions which rendered plaintiff's position dangerous were not as apparent to him as they were to said officers and employees. The concurrence of these two facts is inconsistent with the fact that the danger was as apparent to plaintiff as it was to the officers and employees of defendant. The instructions did not therefore assume that the danger to plaintiff was not as apparent to him as it was to defendant's officers and employees but left it to the jury to determine that fact from the evidence before it would be authorized to find in his favor. The jury having found in his favor we must assume that it found every fact which the instructions required it to find as a prerequisite to his right to recover.

When a passenger is in a dangerous position and is unconscious of his danger and the carrier knows both that the passenger is in danger and that he is unconscious thereof it is the duty of the carrier to exercise due and proper care for his safety which would include giving to the passenger proper warning, provided his danger was discovered in time to have prevented the accident. *Island & Seaboard Coasting Co.* v. *Tolson,* 139 U. S. 551; *Grand Trunk Railway Co.* v. *Ives,* 144 U. S. 408; *Gage* v. *St. Louis Transit Co.,* 211 Mo. 139; *Sullivan* v. *Vicksburg etc. Ry.,* 4 Am. St. Rep. (La.) 239; *Tietz* v. *International R. R. Co.,* 186 N. Y. 347; Van Zile on Bailments & Carriers, Sec. 653; 2 Hutchinson on Carriers, 3 ed. 1003.

The conclusion which we have reached as to the effect of the instructions given makes it apparent that it was unnecessary for the court to tell the jury that if the conditions which rendered plaintiff's position dangerous were as apparent to him as they were to the officers and employees of the defendant there was no duty on their part to warn him.

Believing as we now do that the instructions fairly and fully stated the law applicable to the case that portion of our former opinion holding said instructions to be erroneous and reversing the judgment is hereby set aside and the judgment of the circuit court is affirmed.

*J. W. Russell* and *B. S. Ulrich* (*Thompson, Cathcart & Lewis* on the brief) for plaintiff.

*L. J. Warren* (*Smith, Warren & Stanley* on the brief) for defendant.