## COLUMBIA AND PUGET SOUND RAILROAD COMPANY *v.* HAWTHORNE.

ERROR TO THE SUPREME COURT OF THE TERRITORY OF WASHINGTON.

240. Argued March 24, 1892. — Decided April 4, 1892.

The refusal to direct a verdict for the defendant at the close of the plaintiff's evidence, and when the defendant has not rested his case, cannot be assigned for error.

In an action for injuries caused by a machine alleged to be negligently constructed, a subsequent alteration or repair of the machine by the defendant is not competent evidence of negligence in its original construction.

THIS was an action brought in a district court of the Territory of Washington, against a corporation owning a saw-mill, by a man employed in operating a machine therein, called a trimmer, to recover damages for the defendant's negligence in providing an unsafe and defective machine, whereby one of the pulleys, over which ran the belt transmitting power to the saw, fell upon and injured the plaintiff. The defendant denied any negligence on its part, and averred negligence on the part of the plaintiff.

At the trial, the plaintiff introduced evidence tending to show that the pulley, weighing about fifty pounds, revolved around a stationary shaft made of gas pipe, with nothing to

hold the pulley on, but a common cap or nut screwed on the end of the pipe, and its thread running in the same way as the pulley, and liable to be unscrewed by the working of the pulley ; that the nut became unscrewed and came off, so that the pulley fell upon and greatly injured the plaintiff ; and that if the nut had been properly put on, with a bolt through the shaft, the accident could not have happened.

The plaintiff's counsel asked a witness whether there had been any change in the machinery since the accident. Thereupon the following colloquy took place :

Defendant's counsel. " We object to that. The rule is well understood, and as your honor has already given it in other cases, that a person is not bound to furnish the best known machinery, but to furnish machinery reasonably safe. It is not a question as to what we have done with the machinery in the last few years or months since the accident occurred, but what was the condition then."

The Court. " The rule is quite well settled, I think, that where an accident occurs through defective machinery or defective fixtures or the machine itself, if that is shown to be true, then a change, repair or substitution of something else for the defective machinery is admissible as showing or tending to show the fact. I think that is quite well settled."

Defendant's counsel. " I thoroughly concur with the court as to the rule."

Plaintiff's counsel. " We propose to show changes."

The Court. " I think it is admissible."

Defendant's counsel. " We will save an exception."

The Court. " Exception allowed."

The witness then answered that there had been changes since the accident, and that they consisted in putting a rod through the shaft and gammon nuts on the end of the rod to keep the pulleys on, and in putting up some planks underneath the pulleys to keep them from falling down. To the admission of the evidence of each of these changes an exception was taken by the defendant and allowed by the judge.

At the close of all the evidence for the plaintiff, (which it is unnecessary to state,) the defendant moved " for a judgment

of nonsuit, on the ground that the plaintiff had failed to prove a sufficient cause for the jury ; " and an exception to the over-ruling of this motion was taken by the defendant and allowed by the court.

The defendant then introduced evidence, and the case was argued by counsel and submitted by the court to the jury, who returned a verdict of $10,000 for the plaintiff, upon which judgment was rendered. The defendant appealed to the Supreme Court of the Territory, which affirmed the judgment. 3 Wash. Ter. 353. The defendant sued out this writ.

*Mr. Artemas H. Holmes* for plaintiff in error.

*Mr. John B. Allen* for defendant in error.

Evidence was admitted of alterations in the machinery subsequent to the accident. At most, such testimony is but a circumstance to be weighed by the jury for what it is worth. In the case at bar it is of no consequence, because both the defect causing the accident and the defendant's knowledge of it were otherwise absolutely proven, with no attempt at contradiction. Moreover, it was waived.

The Supreme Court of Pennsylvania, after citing numerous cases in support of the rule, said : " Plaintiff offered to show that, immediately after the accident defendant put up a gas-light close to the opening of the elevator door. The evidence should not have been rejected." *McKee* v. *Bidwell,* 74 Penn. St. 218, 225.

In *West Chester & Philadelphia Railroad* v. *McElwee,* 67 Penn. St. 311, the court said : " There was no error in admitting the testimony of Charles Rourke that the track had been moved since the date of the accident. If it tended to show, as suggested, that the track was originally too near the office and shanty to permit the cars to be run on it without danger, then it was evidence of a fact proper for the consideration of the jury in determining whether due and reasonable care had been used by the company to avoid the accident. If the proximity of the track to the buildings did not increase

the danger, why was it moved? And if it did, then a higher degree of care was necessary in order to avoid accident, and in this aspect the evidence was properly received."

In *Readman* v. *Conway*, 126 Mass. 374, evidence of subsequent repairs was held admissible, the court saying: "These acts of the defendants were in the nature of admissions that it was their duty to keep the platform in repair."

"The making of the passage way larger than it had formerly been was an admission, slight it may be, and of but little value, but still an admission, on the part of the defendant, that the passage way had previously been too small. And why might not the jury consider such evidence for what it is worth? Many authorities sustain the introduction of this kind of evidence." *St. Louis & San Francisco Railway* v. *Weaver*, 35 Kansas, 412.

It is true the Supreme Court of Minnesota, in the case of *Morse* v. *Minneapolis & St. Louis Railway*, 30 Minnesota, 465, says such evidence ought not under any circumstances to be admitted, but in the course of the opinion the court said: "Plaintiff was also permitted to show that after the accident defendant repaired the switch alleged to have been defective." But that court held in *O'Leary* v. *Mankato*, 21 Minnesota, 65, that such evidence was, under certain circumstances, competent.

This case was followed in *Phelps* v. *Mankato*, 23 Minnesota, 276, and *Kelly* v. *South Minnesota Railway*, 28 Minnesota, 98, and this position is not without support in the decisions of other courts.

In *Kansas Pacific Railway* v. *Miller*, 2 Colorado, 442, the following statement is made: "Objection was taken to the admissibility of evidence showing that after the accident the company constructed a new bridge and afforded a larger space for the passage of water. The construction of the new bridge in a manner different from the old one is an admission that the first one was inadequate, but cannot be taken as an admission that its construction was attended with negligence."

MR. JUSTICE GRAY, after stating the case as above, delivered the opinion of the court.

The question of the sufficiency of the evidence for the plaintiff to support his action cannot be considered by this court. It has repeatedly been decided that a request for a ruling that upon the evidence introduced the plaintiff is not entitled to recover cannot be made by the defendant, as a matter of right, unless at the close of the whole evidence; and that if the defendant, at the close of the plaintiff's evidence, and without resting his own case, requests and is refused such a ruling, the refusal cannot be assigned for error. *Grand Trunk Railway* v. *Cummings*, 106 U. S. 700; *Accident Ins. Co.* v. *Crandal*, 120 U. S. 527; *Northern Pacific Railroad* v. *Mares*, 123 U. S. 710; *Robertson* v. *Perkins*, 129 U. S. 233.

The only other exception argued is to the admission of evidence of changes in the machinery after the accident.

It was argued for the plaintiff that this exception was not open to the defendant, because it had been waived by his counsel saying, after the first ruling of the court on the subject, "I thoroughly concur with the court as to the rule." Assuming these words to be accurately reported, it is not wholly clear whether they refer to the rule as to evidence of subsequent changes, or to the rule, mentioned just before, as to the degree of care required of the defendant. That they were not understood, either by the counsel or by the court, as waiving the objection to evidence of subsequent changes, is shown by the plaintiff's counsel thereupon saying, "We propose to show changes," and by the court ruling them to be admissible, and allowing an exception to this ruling, and immediately afterwards allowing two other exceptions to evidence on the same subject. And the question of the admissibility of this testimony was considered and decided by the Supreme Court of the Territory. 3 Wash. Ter. 353, 364.

This writ of error, therefore, directly presents for the decision of this court the question whether, in an action for injuries caused by a machine alleged to be negligently constructed, a subsequent alteration or repair of the machine by the defendant is competent evidence of negligence in its original construction.

Upon this question there has been some difference of opinion in the courts of the several States. But it is now settled, upon much consideration, by the decisions of the highest courts of most of the States in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant. *Morse* v. *Minneapolis & St. Louis Railway,* 30 Minnesota, 465; *Corcoran* v. *Peekskill,* 108 N. Y. 151; *Nalley* v. *Hartford Carpet Co.,* 51 Connecticut, 524; *Ely* v. *St. Louis &c. Railway,* 77 Missouri, 34; *Missouri Pacific Railway* v. *Hennessey,* 75 Texas, 155; *Terre Haute & Indianapolis Railroad* v. *Clem,* 123 Indiana, 15; *Hodges* v. *Percival,* 132 Illinois, 53; *Lombar* v. *East Tawas,* 86 Michigan, 14; *Shinners* v. *Proprietors of Locks & Canals,* 154 Mass. 168.

As was pointed out by the court in the last case, the decision in *Readman* v. *Conway,* 126 Mass. 374, 377, cited by this plaintiff, has no bearing upon this question, but simply held that in an action for injuries from a defect in a platform, brought against the owners of the land, who defended on the ground that the duty of keeping the platform in repair belonged to their tenants and not to themselves, the defendants' acts in making general repairs of the platform after the accident "were in the nature of admissions that it was their duty to keep the platform in repair, and were therefore competent."

The only States, so far as we are informed, in which subsequent changes are held to be evidence of prior negligence, are Pennsylvania and Kansas, the decisions in which are supported by no satisfactory reasons. *McKee* v. *Bidwell,* 74 Penn. St. 218, 225, and cases cited; *St. Louis & San Francisco Railway* v. *Weaver,* 35 Kansas, 412.

The true rule and the reasons for it were well expressed in *Morse* v. *Minneapolis & St. Louis Railway,* above cited, in which Mr. Justice Mitchell, delivering the unanimous opinion of the Supreme Court of Minnesota, after referring to earlier

opinions of the same court the other way, said: "But on mature reflection, we have concluded that evidence of this kind ought not to be admitted under any circumstances, and that the rule heretofore adopted by this court is on principle wrong; not for the reason given by some courts, that the acts of the employés in making such repairs are not admissible against their principals, but upon the broader ground that such acts afford no legitimate basis for construing such an act as an admission of previous neglect of duty. A person may have exercised all the care which the law required, and yet, in the light of his new experience, after an unexpected accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so, and it would seem unjust that he could not do so without being liable to have such acts construed as an admission of prior negligence. We think such a rule puts an unfair interpretation upon human conduct, and virtually holds out an inducement for continued negligence." 30 Minnesota, 465, 468.

The same rule appears to be well settled in England. In a case in which it was affirmed by the Court of Exchequer, Baron Bramwell said: "People do not furnish evidence against themselves simply by adopting a new plan in order to prevent the recurrence of an accident. I think that a proposition to the contrary would be barbarous. It would be, as I have often had occasion to tell juries, to hold that, because the world gets wiser as it gets older, therefore it was foolish before." *Hart* v. *Lancashire & Yorkshire Railway*, 21 Law Times (N. S.) 261, 263.

As the incompetent evidence admitted against the defendant's exception bore upon one of the principal issues on trial, and tended to prejudice the jury against the defendant, and it cannot be known how much the jury were influenced by it, its admission requires that the

*Judgment be reversed, and the case remanded to the Supreme Court of the State of Washington, with directions to set aside the verdict and to order a new trial.*