Hale, J.
(orally).
This case is before us by petition in error. Limmermaier, the plaintiff below, brought his action against the Cleveland Provision Company to recover compensation for injury, which he sustained while in the employment of the company, in falling through an elevator hole. Ordinarily there was a railing around the elevator shaft, and on one side of it was a bar that was raised up and down to permit passage from the floor into the elevator. The defendant in error came in early one morning in the fall of the year, and going across the floor — the bar being up — stepped into the elevator shaft, and fell. The negligence charged against the company was, that it left this hole unguarded ; that the bar was worn, out of repair so that it did not keep its place, and that there was failure on the part of the company to light the room where the shaft was. It was also claimed that the plaintiff below was guilty of contributory negligence. The question of negligence on the part of the company and contributory negligence on part of the plaintiff are fairly made in the issues of the case.
*702 At the trial of the case several exceptions were taken to the introduction of testimony. The first appears on page 45 of the Record. A witness was asked this question : “ You may go on and describe to the jury in your own language the very condition,” (referring to the railing and the bar of the elevator shaft). He was permitted to answer the question. We do not see the objection to the question. The answer discloses the fact that he simply described the bar that was used across the passage which led to the entry of the elevator, and the condition it was in at the time. That was one of the complaints made in the petition. On page 131 of the Record, the question was asked of an employe of the company : “When you got there, was the bar up or down — in place or out of place?” He was not permitted to answer, and it was said that that was error. The record discloses the fact that, this witness came to the packing house where the accident occurred, sometime after the accident, and we suppose the court held that the condition the rail was in at that time, or whether it was up or down, was immaterial. We think the court was correct in that holding. On page 132 and 133 and 134 and 138 of the record, the plaintiff below was permitted to give in evidence to the jury on cross-examination of one of defendant’s witnesses, and against defendant’s objection, the fact that after this accident there had been a change made in the railing and bar; repairs had been made upon and about the elevator shaft, and a change made in the construction of that guard. This testimony was not legitimate cross-examination of anything called out by the defendant, and is as equally incompetent as if offered by the plaintiff in chief; and the question is fairly made whether this class' of testimony is competent. This court have once held that such testimony is incompetent. There has been upon this subject a considerable variety of decisions in the different states. The holding has not been uniform by any means, but it seems to have settled substantially, in later years, against the competency of such testimony. I refer to a case in the 30th Minn., p. 465. It seems to me that the court in *703 disposing of a question made in that case gave as good a reason as can be given for rejection of this kind of testimony. It will be remembered that the Supreme Court of that state had, in three decisions prior to the one to which I refer, held that class of testimony to be competent. In this case the court, referring to the previous cases, says : “ But on mature reflection we have concluded that evidence of this kind ought not to be admitted under any circumstances, and the rule heretofore adopted by this court is on principle wrong, not for the reason given by some courts that the acts of employes in making such repairs are not admissible against their principals, but upon a broader ground that such acts afford no legitimate basis for construing such an act as an admission of the previous negligence of duty. A person may have exercised all the care which the law requires, and yet in the light and in the new experience, after an accident has occurred, and as a measure of extreme caution, he may adopt additional safeguards. The more careful a person is, the more regard he has for the lives of others, the more likely he would be to do so; and it would seem unjust that he could not do so without being liable to have his acts construed as an admission of prior neglect. We think such a rule to be an unfair interpretation of human conduct, and virtually holding out an inducement for continued negligence.”
In a case reported in 144 U. S. 207, Justice Gray passing upon the competency of this class of testimony, says : “Upon this question there has been some difference of opinion in the courts of the several states ; but it is now settled, upon much consideration, by the decisions of the highest courts of most of the states in which the question has arisen, that the evidence is incompetent, because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from *704 the real issue, and to create a prejudice against the defendant.” I re-state the ruling of this court upon that question, as we meet it frequently in records that come before us. But the court, in charging the jury and dealing with .the requests that were asked to be given, we think, in substance and fact, ultimately withdrew from the consideration of the jury this testimony, not on the ground that it was incompetent, but because under the facts it became immaterial. The court charged the jury that if they found the fact to be that the bar was up, that it made no difference as to its condition, and they should not consider at all the evidence that has been given as to the condition of the bar, or the repairs that had been made after the accident; that they should exclude that testimony entirely from their consideration. Now, all the testimony in the case shows that the bar was up, and the passage leading to the shaft unguarded. The requests, made by the defendant to the court to charge the jury all assumed that to be a'fact. There is no question that the bar was up, hence, if the jury followed the charge of the court, and did not take into consideration that testimony, it could not have influenced their verdict. Looking to this whole record, we are satisfied with the verdict that was rendered ; it was moderate, and the jury were considerate in passing upon the ease, in view of the testimony offered. We believe the jury followed the instructions of the court, and did not regard that testimony in making up the verdict, and upon this ground we affirm this judgment, and upon this ground only.
Henderson, Kline & Tolles, for plaintiff in error.
Heisley & Selzer, for defendants in error.