## ANTIETAM PAPER CO. v. WOMBLE.

(Circuit Court of Appeals, Fifth Circuit. December 14, 1923.)

No. 4066.

1. **Master and servant ⟾270(7)—Evidence of subsequent alterations in machinery inadmissible to show negligence.**

Evidence of subsequent alterations in defective machinery is not admissible to show negligence in its condition at the time of the accident, but the evidence is competent when the purpose is to show something other than an admission of the employer which is to be inferred from subsequent acts.

2. **Master and servant ⟾270(7)—Evidence of subsequent alterations in machinery held inadmissible.**

In an action by an employee for injuries from defective machinery, his testimony as to subsequent alterations made in the machine *held* not within the exception to the rule against admitting such testimony; but it should have been limited to a statement that he saw the machine before the alteration, and that at that time it was defective in specific respects.

3. **Appeal and error ⟾1031(3)—Admission of incompetent evidence on principal issue required reversal.**

Where incompetent evidence admitted over exception bore on the principal issues, the court could not conclude that the evidence was without effect on the jury.

4. **Master and servant ⟾286(10)—Whether improper installation of machine caused injury held for jury.**

In an action for injuries to an employee, the question whether improper installation of the paper-cutting machine which injured plaintiff's hand caused the injury *held* properly submitted to jury.

5. **Master and servant ⟾264(12)—Count alleging defective clutch held not proved.**

In an action by an injured employee, evidence that the paper-cutting machine which injured his hand was old and worn fell short of proving a count alleging that the clutch operating the knife was old, worn, defective, and unfit for use with reasonable safety.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by C. C. Womble against the Antietam Paper Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Sam R. Marks, of Jacksonville, Fla. (Marks, Marks & Holt, of Jacksonville, Fla., on the brief), for plaintiff in error.

Harry W. Reinstine and Marx G. Sabel, both of Jacksonville, Fla. (Marion B. Jennings and Sabel & Reinstine, all of Jacksonville, Fla., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is a writ of error to the District Court of the United States for the Southern District of Florida. The plaintiff in that court (defendant in error in this court) was an employee of defendant (plaintiff in error in this court) and was injured while in its employment. He recovered a judgment for his injury, that

is the subject matter of review. At and before the time of his injury, the plaintiff was operating a paper-cutting machine, and while so engaged the knife of the machine unexpectedly descended a second time and cut off the fingers of his hand. The negligence was charged to consist in the condition of the machine, or in the clutch that engaged, so as to connect the power with the knife.

The seventh and tenth counts of the declaration were those submitted to the jury. The seventh count charged that the defendant negligently installed and set up the machine, in that it was driven with greater speed than was necessary for its reasonably safe operation, and that thereby the clutch was caused to oscillate, and engage the knife with the operating power, when it should not have done so, and so injured the plaintiff's hand. The tenth count charged that the defendant furnished plaintiff a machine which was old, worn, defective in its clutch, and unfit for use with reasonable safety, and that by reason of its old, worn, and defective condition the clutch engaged the knife with the motive power, when it should not have done so, and injured plaintiff's hand.

Errors are assigned, and here insisted upon, to rulings of the District Court on the evidence, in refusing to direct a verdict for defendant, in denying certain instructions requested by the defendant, and in giving certain instructions in the oral charge. As our conclusion results in a reversal of the judgment and a retrial of the case, and as many of the questions presented by the assignments of error may not arise upon the retrial, we limit our consideration to those which necessitate a reversal.

[1, 2] The fifth assignment of error is based upon the admission of evidence testified to by the plaintiff himself, against the objection and exception of the defendant, as to subsequent alterations made in the machine by the defendant. The plaintiff, who was his own sole witness, testified that after his return to work, after being injured, the defendant's manager and himself had the pulley of the machine cut down, with the effect and for the purpose of reducing the speed of the machine, just as at the time of its first installation the removal of the belt from the flywheel to the pulley did. The plaintiff had testified that, some time before the accident, he and the defendant's manager had installed the same machine with the belt on the flywheel; that this installation caused the machine to run too fast; and that they reduced its speed by taking the belt off the flywheel and putting it on the pulley. The manager had left the defendant's employment, and was not a witness for either party. Defendant did not admit the happening of the incident, testified to by plaintiff, regarding the original installation of the machine. The plaintiff also testified that, for a short period before the accident, he had been home sick; that during this period, the machine was reinstalled at another place, and with the belt again on the flywheel, instead of on the pulley; that it was upon the occasion of his first attempt to operate the machine, as reinstalled, that he was injured; and that he did not notice the position of the belt before he was hurt. He was, however, permitted to testify to the location of the belt at the time of the accident, and after the installation of the machine in its new location.

The general rule that subsequent alterations in defective machinery are not admissible to show negligence in its condition at the time of a prior accident is settled in the federal jurisprudence by the case of Columbia Railroad Co. v. Hawthorne, 144 U. S. 202, 12 Sup. Ct. 591, 36 L. Ed. 405. The Supreme Court, in that case, said such evidence was incompetent—

"because the taking of such precautions against the future is not to be construed as an admission of responsibility for the past, has no legitimate tendency to prove that the defendant had been negligent before the accident happened, and is calculated to distract the minds of the jury from the real issue, and to create a prejudice against the defendant."

There are exceptions to the rule, when the purpose of the evidence is to show something other than an admission of the defendant, which is to be inferred from its subsequent acts. The plaintiff contends that this case is within the exception, in that it was offered to reflect upon the condition of the machine at the time the accident happened, and not as an admission of fault on the part of the defendant. If the sole purpose had been as stated, the evidence should have been limited to a statement that plaintiff saw the machine after his return to work, and before the making of the claimed alteration, and that when he saw it the belt was on the flywheel, and not on the pulley, and that the machine ran too fast. The question, in answer to which the plaintiff gave this evidence, was whether "there was any change made in the manner in which this machine was subsequently operated." This directly called for what the plaintiff testified to, which was that the machine was changed after the accident, and not that the belt was on the flywheel after the accident.

The reduction in the size of the pulley, made after the accident, to slow down the speed of the machine, had no tendency to show the condition of the machine at the time of the accident, except as an implied admission that the machine was speeded up too much by the then method of operating it. If the testimony had been limited to the fact that the belt was on the flywheel, when the plaintiff saw it, after he returned to work after the accident, the purpose and effect of the evidence might have been as claimed. The evidence called for and actually given was that the defendant had changed the operation of the machine, by reducing the size of the pulley, to make the machine run slower. The natural purpose and effect of this evidence was to show an admission on defendant's part that the prior method of running the machine was a negligently speedy and unsafe one. Nor did this evidence tend to corroborate the evidence of the plaintiff as to what had occurred at the first installation of the machine. He did not testify that he saw the machine operated after he was hurt, nor as to the speed at which it was then being run. He testified only that he helped the manager make the change, and that the change then made was to reduce the size of the pulley, not to take the belt from the flywheel to the pulley, and that it was the former that then caused the reduction of speed.

[3] Under the seventh count, the alleged excessive speed of the machine, caused by the presence of the belt on the flywheel, was the gist of the cause of action. The plaintiff testified in support of this

contention. Issue was taken on it, and on its having anything to do with the accident by defendant's pleas, and was supported by the evidence of its experts. In this state of the case, we cannot conclude that evidence tending to show an admission by the defendant, made after the accident, that the machine was speeded up too much for safety when the accident happened, was without effect upon the jury to the detriment of the defendant. The Supreme Court, in the cited case of Columbia Railroad Co. v. Hawthorne, said in relation to the admission of similar evidence:

"As the incompetent evidence, admitted against the defendant's exception, bore upon one of the principal issues on trial, and tended to prejudice the jury against the defendant, and it cannot be known how much the jury was influenced by it, its admission requires that the judgment be reversed."

[4] We think the District Court properly submitted the seventh count to the jury. The evidence of the plaintiff tended to show that the belt was on the flywheel at the time of the accident; that the effect of this was to make the machine run too fast for safety, and to cause the clutch to oscillate, and to engage the motive power with the blade of the machine, without action from the operator; and that this caused the blade to descend the second time and cut the plaintiff's hand.

[5] The tenth count alleged that the clutch of the machine was old, worn, defective, and unfit for use with reasonable safety. The evidence of the plaintiff went no further than that the machine (not the clutch) was old and worn. This fell short of showing either the defect or its causal connection with the accident, as alleged in the tenth count.

The judgment of the District Court is reversed, and the cause remanded for further proceedings in conformity hereto.

Reversed.