### DAILEY v. PALMER et al.
No. 211, Docket 20514.

Circuit Court of Appeals, Second Circuit.
May 26, 1947.

Louis F. Huttenlocher, of New York City, for appellant.

Edward R. Brumley, of New York City (Robert M. Peet, of New York City, of counsel), for appellees.

Before L. HAND, SWAN, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

This is a personal injury action brought against the trustees in reorganization by a passenger of the New Haven Railroad whose finger was injured when the door of the car closed upon it. Trial was had to a jury which returned a verdict for the plaintiff in the sum of $1400. At the close of the plaintiff's case, the court denied a motion to dismiss the complaint for lack of proof of negligence by the defendants and proof of contributory negligence by the plaintiff. At the close of all the evidence, the defendants renewed their motion to dismiss and moved also for a directed verdict in their favor. The Court reserved decision and submitted the case to the jury. Upon renewal of the motion after verdict the trial judge set aside the verdict for the plaintiff and directed a verdict in favor of the defendants, stating that he could see no negligence on the part of the defendants.

The appellant has advanced the extraordinary contention that denial of the defendants' motion to dismiss the complaint at the close of the plaintiff's case was a determination that sufficient evidence had been adduced to take the case to the jury and that such determination deprived the Court of power thereafter to direct a verdict for the defendants on the ground of lack of proof of negligence. Before adoption of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, this was not the law. See Columbia & P. S. Railroad Co. v. Hawthorne, 144 U.S. 202, 206, 12 S.Ct. 591, 36 L.Ed. 405; 9 Wigmore on Evidence, 3rd ed., § 2498, page 314. There is no possible ground for supposing that the new Rules were intended to reverse the law on this point. Such a rule would mean that if the judge became convinced during the trial that he had made an erroneous ruling, he would be powerless to correct it. The proposition has only to be stated to prove its fallacy. See Bates v. Miller, 2 Cir., 133 F.2d 645, 647, 648, certiorari denied 320 U.S. 210, 63 S. Ct. 1446, 87 L.Ed. 1848.

Whether the evidence of negligence on the part of the defendants was so unsubstantial as to justify setting aside the verdict in favor of the plaintiff requires a consideration of the testimony. When the train stopped at Westport, Connecticut, the plaintiff walked forward from her seat and opened the door at the end of the aisle. The door opened in from right to left; it was equipped with an automatic closing mechanism which could be adjusted to regulate the force with which the door would close, and was usually so adjusted as to close the door to within five or six inches of the jamb and there check it momentarily before closing the rest of the way. According to the plaintiff's testimony, as she was proceeding through the doorway, she saw the door closing rapidly behind her and put out her right elbow to check it; the door "did not stop as they usually do," and when it struck her elbow it forced her right hand onto the door jamb, and closed on the fourth finger of her hand, which was gloved, with sufficient force to cut off the tip of her finger. The defendants had no record of when or by

whom the closing mechanism had been last inspected before the accident. After the accident, as soon as the train reached New Haven, a car inspector found the closing mechanism. in good working order; each time he opened the door it closed in the normal manner, checking five or six inches from the door jamb. He did not measure the actual force with which the door closed.

■■ The jury was at liberty to believe, as they did, the plaintiff's story that the door closed rapidly and without checking rather than the inspector's testimony that he found it in good working order. Accepting her account as true, as we must after the verdict, the question is whether that showed the carrier had failed to keep the door in proper condition. We think it did. A carrier must exercise the highest degree of care to maintain its equipment in such condition as not to endanger the safety of passengers. See Giger v. New York, N. H. & H. R. Co., 2 Cir., 60 F.2d 63, 64; Henson v. Fidelity & Columbia Trust Co., 6 Cir., 68 F.2d 144, 145. A steel door weighing 50 pounds and closing rapidly under the pressure of a strong spring would certainly be a source of danger unless it were checked before reaching the door jamb. On the facts developed in the plaintiff's testimony, there was sufficient proof of negligence on the part of the defendants to support the verdict. Accordingly the judgment is reversed with directions to reinstate the verdict.