**Howard JAMISON, Administrator of the Estate of Julius Colosimo, Deceased, Plaintiff,**

**v.**

**DI NARDO, INC., a Corporation, Defendant,**

**v.**

**EQUITABLE GAS COMPANY, Third-party Defendant.**

**Civ. A. No. 15563.**

United States District Court
W. D. Pennsylvania.
June 12, 1961.

McArdle, Harrington & McLaughlin, Pittsburgh, Pa., for plaintiff.

Kim Darragh, Pittsburgh, Pa., for defendant.

William J. Lancaster, Pittsburgh, Pa., for third party defendant.

GOURLEY, Chief Judge.

This is an action to recover damages under the Pennsylvania Wrongful Death and Survival Statutes (12 P.S. § 1601 et seq., 20 P.S. § 320.601 et seq.) arising out of an accident when decedent was instantly killed as a result of gas asphyxiation.

Verdicts were returned in favor of Howard Jamison, Administrator of the Estate of Julius Colosimo, deceased, and against Di Nardo, Inc., defendant, under the Pennsylvania Survival Statute in the amount of $10,000 and under the Pennsylvania Wrongful Death Statute in the amount of $75,000. Verdict was also returned in favor of Equitable Gas Company, Third-party Defendant and against Di Nardo, Inc., Third-party Plaintiff.

The matter before this Court is twofold:

1. Motion of defendant, Di Nardo, Inc., for Judgment Notwithstanding the Verdict.

2. A two-pronged motion for new trial.

a. Motion for new trial in favor of defendant, Di Nardo, Inc., both as to plaintiff and third-party defendant, and in the event of the court's failure to grant motion for new trial as to plaintiff.

b. Motion for new trial in favor of defendant, Di Nardo, Inc., as to third-party defendant.

In support of its motion for Judgment Notwithstanding the Verdict, defendant Di Nardo, Inc., presents the following contentions:

(1) Di Nardo's negligence was not a proximate cause of the accident.

(2) Admitting Di Nardo's negligence in the first instance, Di Nardo's negligence ceased once it had notified Equitable of the ruptured gas line.

(3) Plaintiff was guilty of contributory negligence as a matter of law.

In support of its motion for new trial, defendant Di Nardo presents the following contentions:

(1) The Court erred in charging on the sudden emergency doctrine.

(2) The Court refused side-bar conferences in the presence of the jury and excused the jury to hear legal arguments or any other matters raised by Counsel.

(3) The verdict was excessive.

### Motion for Judgment N. O. V.

Viewing the evidence and the inferences deducible therefrom in a light most favorable to the plaintiff, it was established that while Di Nardo was engaged in driving pile in connection with road construction, Di Nardo ruptured a gas line of the Equitable Gas Company. Upon being notified, Equitable dispatched a crew of its employees of which the foreman was plaintiff's decedent with instructions to repair the break. Decedent had gone to a Bell Telephone Company manhole and descended therein, dying instantly from gas inhalation. This Court most thoroughly instructed the jury as to the requirements of causation. I am satisfied that ample evidence was adduced from which the jury could have concluded that the pile driver of Di Nardo, being negligently operated, ruptured a gas main, the consequences of which must be assumed by the negligent actor.

The decedent's duties involved supervision of crews engaged in locating and repairing leaks in gas mains. He entered the manhole to verify the location of telephone cables so that he would not interfere with these cables when the hole was dug to locate and repair the gas main. The jury had substantial evidence from which to conclude that no independent intervening negligence had arisen on the part of any third party which would exonerate Di Nardo from the consequences of its negligent act in rupturing the gas main.

In view of the unusual location of the gas main which normally was situated three to four feet below the surface when, in fact, the main, by reason of changes in grades of the roadway, had fourteen feet of additional earth surface, a most substantial basis exists from which a jury might conclude that defendant has failed to meet the burden of proof necessary to overcome the decedent's presumption of due care, Johnstone v. Reading Co., 3 Cir., 248 F.2d 71, 74.

The Court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or conclusions, or because the Court regards another result as more reasonable. Tennant v. Peoria & P. U. Railroad Co., 321 U.S. 29, 64 S.Ct. 409, 88 L.Ed. 520; Masterson v. Pennsylvania Railroad Co., 3 Cir., 182 F.2d 793; Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

### Motion for New Trial

1. The Court instructed the jury on the sudden emergency doctrine on the thesis that an emergency repair was being made, and that such doctrine was to be considered only if the jury believed that the rule of law would have application both as to the plaintiff or the defendant.

In view of the Court's charging generally on the doctrine, leaving the jury with the determination as to whether the circumstances justified its application, I see no merit in defendant's belated objection. In this connection, it is noteworthy that defendant Counsel did not make objection to this phase of the Court's instruction at time of trial.

2. In the sixteen years that I have served as a United States Judge, I have observed that jurors frequently misunderstand the purpose and reason of side-bar conferences, often venting dislike and prejudice toward counsel who most often make such request. Jurors often believe that counsel is deliberately concealing information from them. I have also found that on occasion, due to the physical arrangement of the courtroom, that jurors overhear remarks of

counsel and the Court resulting in prejudice to one party or the other. With the purpose of meticulously protecting the interests of all litigants from any possible misunderstanding or prejudice which experience has taught me often arises by holding side-bar conferences in the presence of the jury, I have dispensed with this procedure and immediately removed the jury when any side-bar conference is requested. I cannot conceive of how a practice geared to protect the interest of all litigants could have prejudiced defendant's case in the administration of the instant trial.

■ 3. Decedent who was a foreman for the Equitable Gas Company would have earned $24,000 to date of trial. Based upon the United States mortality tables he had a potential life span from date of trial of 14.8 years.

Predicated on decedent's past earnings his earnings during his life potential would have approximated $110,000. His funeral was $2,248. The evidence produced established that decedent was a frugal, kind, pleasant husband and parent with a long record of devotion to his family and job.

■ Verdicts in other cases are not of much value as criteria in appraising the result reached in the instant case. Permissible differences in arriving at verdicts must be allowed between juries. The economics of the situation in the period involved should be considered. The amount of the verdict must be received in the light of what it is capable of purchasing. There cannot be a standard verdict, Kessen v. Bernhardt, D.C., 157 F.Supp. 652.

This trial further introduced the imponderables of the value of a father's services, superintendence, attention, care, and education which he would have provided for his children had he survived.

■ As this Circuit has frequently reiterated, while an award may be high, it should stand if there is ample evidence to justify it. It is not my prerogative to arbitrarily substitute my judgment for that of the jury. Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 190 F.2d 825; Lebeck v. William A. Jarvis, Inc., 3 Cir., 250 F.2d 285; Thomas v. Conemaugh & Black Lick Railroad Co., 3 Cir., 234 F.2d 429.

A jury, upon weighing the evidence, could readily have concluded that no act of negligence on the part of Equitable Gas Company was a substantial factor in bringing about the accident.

In the exercise of my judicial discretion, upon re-examination and meticulous review of the record, viewing the verdict in the overall setting of the trial and considering the character of the evidence and the legal principles which the jury was bound to apply to the facts, it is incumbent upon me to abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result, Lind v. Schenley Industries, Inc., 3 Cir., 278 F.2d 79. Substantial evidence exists in the record to support the verdict of the jury.

After again applying most reflected judgment to the record, I believe that under all the credible evidence justice sustains a right of recovery in the amount of $10,000 under the Survival Statute and in the amount of $75,000 under the Wrongful Death Statute.

An appropriate order is entered.