Joseph A. STUBLER and Patricia Stubler, his wife

v.

The BALTIMORE AND OHIO RAIL-ROAD COMPANY, a corporation,

v.

Joseph A. STUBLER.

Civ. A. No. 62–901.

United States District Court
W. D. Pennsylvania.

Jan. 7, 1965.

Dennis Harrington, Pittsburgh, Pa., for plaintiffs.

Edward V. Buckley, Pittsburgh, Pa., for defendant.

Wallace E. Edgecombe, Pittsburgh, Pa., for third-party defendant.

GOURLEY, Chief Judge.

This is a diversity Pennsylvania negligence action tried by judge and jury with awards returned in favor of the husband and wife plaintiffs.[1]

The matters before the Court relate to a Motion for Judgment N.O.V. and/or a Motion for New Trial as to each of the verdicts.

An accident occurred between a train of the defendant and a motor vehicle operated by the husband-plaintiff with his wife as a guest, where a single track of the railroad intersected a Pennsylvania highway in a rural community on a wintry, cold, snowy, icy night.

After full, thorough, complete, exhaustive and careful consideration of the record, the briefs, and oral argument of counsel, I believe each of said Motions should be denied.

## MOTION FOR JUDGMENT N.O.V.

The Court is not free to reweigh the evidence and set aside the jury's verdict merely because the jury could have drawn different inferences or because the Court believes another result more reasonable. Jamison v. Di Nardo, Inc., 195 F.Supp. 99 (W.D.Pa.1961); aff'd 302 F.2d 27 (3rd Cir. 1962).

I have no reservation in reaching the conclusion that under all the evidence and the reasonable inferences that could be drawn therefrom that the defendant was guilty of negligence which was the proximate cause of the accident.

As to the contributory negligence of Joseph Stubler,[2] there is a presumption of due care which exists because of the undisputed fact that he has amnesia and no recollection exists of the facts and circumstances at the time immediately before or at the time of the accident. Klink v. Harrison, 332 F.2d 219 (3rd Cir. 1964).

Evidence also exists to support the conclusion that he was confronted with a sudden emergency which was not due to his own act of omission and/or commission, and that reasonable care and caution was applied under all the circumstances to bring his vehicle to a stop in view of the position where the crossbar was located, to wit, the opposite side of the track in the direction from which he was approaching the crossing.[3]

The Motion for Judgment N.O.V. is, in each instance, denied.

---

1. Verdict was in the amount of $250,000 in favor of the husband-plaintiff, Joseph Stubler, and $50,000 for the wife-plaintiff, Patricia Stubler.

2. It was admitted by counsel for the defendant at oral argument on the Motion for Judgment N.O.V. that there was no contributory negligence on the part of the wife-plaintiff.

3. A railroad company that places a crossing at a point where it cannot be seen by the traveler until he is practically committed to passing over it cannot use the stop, look and listen sign as a badge of immunity for accidents occurring as the result of non-visibility. Johnson v. Pennsylvania R. R. Co., 399 Pa. 436, 440, 160 A.2d 694 (1960).

## MOTION FOR NEW TRIAL

In the first five grounds set forth in its Motion for New Trial, defendant claims that the verdicts were against the evidence, the weight of the evidence, the law, the charge of the Court, and were excessive. None of these grounds is valid. Substantial evidence exists to support the verdicts in light of the serious injuries suffered by each of the plaintiffs.

The sixth and seventh grounds deal with the *admission and effect* of evidence relating to other accidents at the crossing and the installation of a flashing signal subsequent to the accident.

Defendant admits in its brief that evidence of other accidents at the crossing [4] and of the subsequent installation of a flashing signal [5] was admissible and also admits that the Court properly and "emphatically" charged the jury that this evidence was not to be taken to prove antecedent negligence. However, defendant contends that the jury misused the testimony and inferred negligence on the part of the defendant from this evidence.

Since there is substantial evidence in the record from which the jury could find negligence, it cannot be assumed that the jury disregarded the law as presented to the jury. United States v. Lawson, 337 F.2d 800, 812 (3rd Cir. 1964).

The eighth ground relates to the Court's permitting the jury to see the crossing with the presence of the flashing signal. The view was specifically requested by the jury because they felt that all pictures introduced distorted the scene. The Court realizes that the installation of the flashing signal materially changed the crossing and it fully realizes the danger inherent in such a situation, but the Court firmly believes that defendant was not prejudiced because of the Court's repeated and strenuous admonishments during the trial and in the charge that the jury was not to consider this as antecedent negligence.

There is sufficient and credible evidence in the record to sustain the verdicts, neither is excessive, and the record is free of substantial error.

The Motion for New Trial will, in each instance, be denied.

---

4. See DiFrischia v. New York Central R. R. Co., 307 F.2d 473 (3rd Cir. 1962).

5. See Hyndman v. Pennsylvania R. R. Co., 396 Pa. 190, 152 A.2d 251 (1959).