**Curtis HAMMILL, Plaintiff,**

v.

**The HYSTER COMPANY, Defendant.**

**No. 65-C-18.**

United States District Court
E. D. Wisconsin, Civ. D.

May 1, 1967.

---

------◆------

Rex Capwell, Foley, Capwell, Foley & Kolbe, Racine, Wis., for plaintiff.

Norman Skogstad, Wickham, Borgelt, Skogstad & Powell, Milwaukee, Wis., for defendant.

## DECISION ON MOTION FOR PRODUCTION

MYRON L. GORDON, District Judge.

The defendant has objected to portions of the plaintiff's motion for production. The parties have agreed that the areas of dispute on this motion involves the following:

1. Discovery relating to changes between the KD Model Karry Krane by which plaintiff was injured and any later model (s) which defendant has manufactured. (Items 7, 8, and 12).

2. Discovery relating to tipping incidents regarding any model Hyster Karry Krane (Item 9).

3. Discovery as to any warnings given by defendant when such warnings are premised on plaintiff's legal conclusion of 'dangers' 'discovered' or 'determined.' (Item 10).

■ The court is of the opinion that any changes which may have been made in the machine after the date that the plaintiff was injured are not a proper subject of discovery. Needles v. F. W. Woolworth Co. (D.C.Penn.1952) 13 F.R.

D. 460; Heiden v. City of Milwaukee, 226 Wis. 92, 275 N.W. 922, 114 A.L.R. 420 (1937).

A similar conclusion was stated forcefully by the court in Northwest Airlines v. Glenn L. Martin Co., (C.A.6th,1955), 224 F.2d 120, 50 A.L.R.2d 882. In that case the trial court refused to admit evidence as to subsequent changes or modification from the original design and the appellate court stated, at page 130:

"We believe too that the district court was correct in refusing to permit Northwest to use the evidence of the modifications in the wing joint, made by Martin after the damage was discovered, to show what Martin should have done in the first place. Northwest argues that its purpose was simply to show what Martin could have done in the original design and manufacture of the wing joint, but the result would have been to provide a basis for inferring what should have been done. This kind of hindsight evidence is not properly admissible upon the issue of ordinary care. Columbia & P. S. Railroad Co. v. Hawthorne, 1892, 144 U.S. 202, 12 S.Ct. 591, 36 L.Ed. 405."

■ The court is of the opinion that plaintiff is entitled to discovery as to the second area recited at the outset of this opinion. Accordingly, the plaintiff is entitled to discovery concerning tipping incidents, even though they relate to other than that model involved in the case at bar. However, discovery shall be confined to the tipping incidents on or before the date of the accident in the case at bar.

The third area of dispute has apparently been resolved by the parties since the plaintiff's reply brief asserts that "the language as rephrased by defendant is acceptable to plaintiff."

The plaintiff's counsel is requested to prepare an order consistent with this opinion and, after exhibiting it to defendant's counsel, is requested to present it to the court for signature.