**Doris J. STURDEVANT, Administratrix of the Estate of Clyde D. Sturdevant, Plaintiff,**

**v.**

**ERIE–LACKAWANNA RAILROAD COMPANY, Defendant.**

**Norman MARSH, Plaintiff,**

**v.**

**ERIE–LACKAWANNA RAILROAD COMPANY, Defendant and Third-Party Plaintiff,**

**v.**

**Doris J. STURDEVANT, Administratrix, Third-Party Defendant.**

**Civ. A. Nos. 36, 97–69 Erie.**

United States District Court, W. D. Pennsylvania.

April 21, 1970.

**4**

Andrew J. Conner, Erie, Pa., for plaintiff.

Robert L. Walker, Meadville, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Plaintiff in C.A. 36–69 Erie above, a cause of action arising out of a grade crossing accident brought here under diversity jurisdiction, seeks production under F.R.Civ.P. 34 of defendant railroad's reports of investigations of prior accidents at this crossing. The existence and custody of these reports were established by answers to interrogatories and plaintiff has no other means of securing them.

Defendant's objections are that the mere fact that other accidents took place at this location is not admissible and the production of these reports would not lead to admissible evidence, that opinions contained in such reports as to any hazard would not be admissible, that defendant's knowledge of other accidents at this location is already established by answers to interrogatories, that the physical condition of the crossing at the time of the accident has already been established and is known to the plaintiff and that it has been established that this physical condition was known to the defendant railroad.

Plaintiff responds that it has pleaded wanton and wilful negligence by reason of defendant railroad's failure to correct certain specifically identified dangerous conditions brought to its attention by the prior accident investigations.

Plaintiff's brief recites a number of cases supporting production of investigative reports of the accident in question. These are not applicable to the present motion. Our own research has disclosed no case either affirming or denying the right of inspection of reports in prior railroad crossing accidents.

However, *evidence* of prior accidents may sometimes be admissible, District of Columbia v. Armes, 107 U.S. 519, 28 S.Ct. 840, 27 L.Ed. 618 (1883), and in railroad crossing accident cases, DiFrischia v. N. Y. Central R. Co., 307 F.2d 473 (3rd Cir. 1962); Stubler v. Baltimore & O. R. Co., 236 F.Supp. 754 (W.D.Pa.1965). Also in cases other than railroad crossing cases such evidence may be admissible. In Stormer v. Alberts Construction Co., 401 Pa. 461, 165 A.2d 87 (1960) the Court said:

"Under some circumstances where, for example, the cause of the accident or the defective or dangerous condition is unknown or disputed, evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances* may, in the sound discretion of the trial Judge, be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury." [165 A.2d at 87].

While we have found no cases under F.R.C.P. 34 concerning the production of reports of prior railroad crossing accidents, such reports have been required to be produced in product liability cases. Hammill v. Hyster Company, 42 F.R.D. 173 (E.D.Wis.1967).

We conclude that the requested reports should be produced and it will be so Ordered.