**M. S. A. CONSTRUCTION COMPANY, INC., Plaintiff,**

**v.**

**CRAFTS, INC. and Fidelity and Deposit Company of Maryland, Defendants,**

**CRAFTS, INC., Defendant and Third-Party Plaintiff,**

**v,**

**PHILLIP CAREY COMPANY, a Division of Panacon Corporation, Third-Party Defendant.**

**No. 71–C–678.**

United States District Court, E. D. Wisconsin.

Jan. 4, 1973.

———————◆———————

Whyte, Hirschboeck, Minahan, Harding & Harland, by Victor M. Harding, Milwaukee, Wis., for plaintiff.

Richard S. Gibbs, of Gibbs, Roper & Fifield, Ray T. McCann, Milwaukee, Wis., for Crafts, Inc.

Kivett & Kasdorf, by Nonald J. Lewis, Milwaukee, Wis., for Phillip Carey Co.

Walter A. John, Milwaukee, Wis., for Fidelity and Deposit Co. of Md.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

The Phillip Carey Company has moved for a protective order in connection with the plaintiff's request for the production of certain documents.

The action relates to an allegedly leaking roof at the Northland Plaza Shopping Center in Appleton, Wisconsin. It is charged that the roofing materials in question were manufactured by the third-party defendant and delivered in 1969–1970.

The request for documents to which objection has been made by the third-party defendant seeks brochures of the Phillip Carey Company "for the past ten years." While the scope of discovery under Rule 34, Federal Rules of Civil Procedure, is very broad, I find no justification for the demand for brochures before 1965 or after 1970. Hammill v. Hyster Company, 42 F.R.D. 173, 174 (E.D.Wis. 1967). Similarly, I do not believe that the plaintiff is entitled to the production of documents explaining the reasons for changes in the thickness or character of the felt plies beyond the period 1965–1970. The same restriction should apply to the plaintiff's demand for copies of written reports concerning any failure of such roofing in other cases.

The third-party defendant is entitled to a protective order relieving it from responding to the plaintiff's request for the period before 1965 and after 1970. In all other respects, the order will deny the third-party's motion.