■ PHILIP PAUL et al., Appellants, v FORD MOTOR COMPANY et al., Respondents. (And a Third-Party Action.) [607 NYS2d 90] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Molloy, J.), entered

January 30, 1991, which, *inter alia,* granted the defendants' separate motions for summary judgment dismissing the complaint and all claims asserted against them.

Ordered that the order and judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The defendant Ford Motor Company (hereinafter Ford) sold a chassis-cab, an incomplete vehicle, to the defendant Hi-Way Truck Equipment, Inc. (hereinafter Hi-Way). Hi-Way substantially modified the chassis-cab to the specifications of American Airlines and sold the completed vehicle to American Airlines to be used as a hi-lift aircraft service truck. The plaintiff Philip Paul, an employee of American Airlines, was injured when, while wearing the required ear protectors, he walked from the right side of the subject truck toward the rear of the truck and was struck by the truck as it moved in reverse. Despite American Airlines' policy that no hi-lift truck be operated in reverse without a "guide man" behind the truck to direct the driver, a "guide man" was not used in this instance. The American Airlines Board of Inquiry concluded that the truck driver and his instructor/passenger were both negligent in failing to follow the mandated procedure of using a "guide man" and that they were responsible for the accident.

The plaintiffs brought suit against Ford and Hi-Way alleging that they should be held liable because they failed to equip the vehicle with an audible back-up alarm and/or flashing back-up light. The defendants Ford and Hi-Way moved for summary judgment dismissing all claims against them. The Supreme Court granted their motions and found that any alleged defect in the truck could not have proximately caused the accident.

On appeal, the plaintiffs do not dispute the facts; rather, they contend that summary judgment was not proper because the failure to equip the vehicle with an audible back-up alarm and/or flashing back-up light gave rise to an issue of fact as to whether that failure was a substantial factor in causing the injured plaintiff's injuries.

We disagree. Ford did not know the intended purpose of its chassis-cab and such safety devices were not standard features customarily provided within the industry on incomplete vehicles. Ford cannot be held liable for any alleged defect arising from defendant Hi-Way's conversion of its chassis-cab after it left Ford's custody and control *(see, Robinson v Reed-Prentice*

*Div.,* 49 NY2d 471, 475; *Csoka v Bliss,* 168 AD2d 664). Hi-Way modified Ford's chassis-cab according to the detailed specifications of its sophisticated customer, American Airlines. Although a back-up alarm was not mandated by government regulation, Hi-Way provided American with the option of a back-up alarm. American Airlines decided against installing a back-up alarm in view of the noise factor at airports and instead decided that it would rely upon the safety procedure of using a "guide man" to direct the vehicles.

The defendants Ford and Hi-Way made a prima facie showing of entitlement to judgment as a matter of law; thus, the burden shifted to the plaintiffs to produce evidentiary proof in admissible form sufficient to oppose the summary judgment motions by establishing the existence of material issues of fact which require a trial *(Alvarez v Prospect Hosp.,* 68 NY2d 320; *Biss v Tenneco, Inc.,* 64 AD2d 204, 207). However, the plaintiffs failed to raise any triable issues of fact and therefore the Supreme Court properly granted summary judgment in favor of the defendants Ford and Hi-Way *(see, Cannistra v Town of Putnam Val.,* 177 AD2d 536; *DiMarco v Verone,* 147 AD2d 671; *Demesmin v Town of Islip,* 147 AD2d 519). Sullivan, J. P., Rosenblatt, Pizzuto and Joy, JJ., concur.