Thomas CONTINI, et al., Plaintiffs,

v.

**HYUNDAI MOTOR COMPANY, et al., Defendants.**

No. 90 Civ. 3547 (VLB).

United States District Court, S.D. New York.

May 24, 1994.

Evidence has been provided that at the time of the manufacture of the vehicle involved in the accident, other vehicles were available, some of which had more rigid seat backs which might have retarded or ameliorated the backward movement of the front seat, and some of which had two gear-like devices, one on each side of the front seat to control and retard backward movement of that seat. Such evidence derives from external sources and does not involve penalizing Hyundai for subsequent "taking of ... precautions against the future," which should not "be construed as an admission of responsibility for the past...." *Columbia & Puget Sound RR v. Hawthorne,* 144 U.S. 202, 207, 12 S.Ct. 591, 593, 36 L.Ed. 405 (1892), quoted in *Chase v. GMC,* 856 F.2d 17, 21 (4th Cir1988); see Fed.R.Evid. 407; *Cann v. Ford Motor Co.,* 658 F.2d 54 (2d Cir1981), *cert. denied* 456 U.S. 960, 102 S.Ct. 2036, 72 L.Ed.2d 484 (1982).

There has been no showing that the features under discussion were either unknown to Hyundai or prohibitively difficult or expensive to utilize. Hyundai argues that its vehicle met prevailing industry standards. But available options which are known and readily available cannot be ignored without risking liability, merely because others may have likewise been tardy or even entirely failed to taken advantage of them—any more than compliance with mandatory minimum regulatory standards can avoid liability for negligent or reckless behavior if proven. See *Contini v. Hyundai Motor Co.,* 840 F.Supp. 22 (SDNY1993).[2]

Hyundai also points out that vehicles and components with the safety features not present in the Hyundai vehicle carried higher price tags than the Hyundai; it has not been shown that the safety features under discussion were significantly responsible for this disparity.

Harold L. Schwab, Lester Schwab Katz & Dwyer, New York City, for movant Hyundai.

Stephen Jenkins, Wiesen, Gurfein & Jenkins, New York City, for plaintiffs.

Monte J. Rosenstein, Rosenstein & Helhoski, Middletown, NY, for defendant Kappos.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

This suit brought pursuant to diversity of citizenship jurisdiction under 28 U.S.C. § 1332 involves a rear end collision between a truck and the victim's automobile, causing personal injuries. The automobile was manufactured by the defendant Hyundai. Upon impact with the truck, a backward movement of the occupant of the car's front seat caused serious injury to a child in the rear seat of the vehicle. Defendant Hyundai moved for summary judgment; the motion was denied by memorandum order dated December 15, 1993,[1] without prejudice to renewal if certain additional information were furnished. The motion as renewed is denied.

---

1. *Contini v. Hyundai Motor Co.,* 840 F.Supp. 22 (SDNY1993); see also *Contini v. Hyundai Motor Co.,* 149 F.R.D. 41 (SDNY1993).

2. Indeed, a contrary ruling would encourage inter-competitor pressure seeking to obtain collusive understandings to avoid any potentially expensive measures. See *FMC v. Aktiebolaget Svenska Amerika Linien,* 390 U.S. 238, 88 S.Ct. 1005, 19 L.Ed.2d 1071 (1968). This would discourage research and development to promote safer products, contrary to the goals of the National Cooperative Research Act, 98 Stat. 1815 (1984), as amended, 15 U.S.C. §§ 4301–4305, expanded in 1993 to embrace joint manufacturing with specified limitations.

Hyundai further argues that the impact of the truck on its vehicle was so great that the same injuries would have occurred regardless of safety devices. Whether or not such devices might have mitigated the accident cannot be determined with reliability on the present motion.

Genuine issues of material fact exist with respect to whether or not the design or manufacture of the vehicle were negligent and what effect, if any, this had on the accident.

SO ORDERED.