Richard T. DELCOTTO and Catherine Delcotto, Plaintiffs,

v.

KENWORTH TRUCKING CO., Kenworth Trucking Co., a Division of Paccar, Inc., Paccar Inc. and R & S Truck Body Company, Inc., Defendants.

PACCAR, INC., Third Party Plaintiff,

v.

E. TETZ & SONS, INC., Third Party Defendant.

No. 91 Civ. 2070 (VLB).

United States District Court, S.D. New York.

Dec. 12, 1994.

Andrew L. Spitz, Finkelstein, Levine, Newburgh, NY, for plaintiffs.

Thomas M. Lopez, Esanu Katsky, New York City, for defendant Paccar.

---

**540**

Jones, Hirsch, New York City, for defendant R & S.

Beesecker & Koors, Tarrytown, NY, for third party defendant Tetz.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This personal injury diversity of citizenship case involves an injury to an employee allegedly contributed to by absence of safety devices on a dump truck.

Defendant Paccar, Inc., the manufacturer of the underlying vehicle body, moves for summary judgment on the ground that it was not its responsibility to install safety devices necessary for a dump truck where it did not deliver such a truck, but merely an underlying truck body useable for multiple purposes. Paccar's motion is granted.

### II

█ Plaintiffs have produced no evidence, and no applicable legal authority, supporting their claim that Paccar as the upstream manufacturer of a vehicle base later modified to function as a dump truck, has any obligation to install safety devices necessary only where such modifications were made by others.

Paccar has, however, provided evidence to the contrary, including uncontroverted affidavits that the inclusion of the safety devices needed for external moving parts was understood in the industry to be the responsibility of (a) the customer planning to utilize the basic vehicle body as a dump truck, who is expected to install or order the installation, and (b) the installer or other contractor who makes the necessary additions to the underlying vehicle body necessary for it to function as a dump truck.

In addition to an affidavit by its own engineer, Paccar has submitted an affidavit dated October 27, 1994 by the Vice President of Engineering of the American Trucking Associations. The Associations represent the interests of truck owners and operators who have an obvious interest in truck safety.

Both affidavits state that the customer, user or installer of equipment translating a truck body into a dump truck has the responsibility of adding safety devices necessary to protect workers for hazards of external moving parts. These affidavits make it clear that the manufacturer of the underlying vehicle body does not have that function. Plaintiff has not submitted any affidavits or other proof refuting these sworn statements.

█ Industry expectations cannot excuse what would otherwise be negligent behavior; tacit or overt adoption of a practice by others in a field does not establish its legality. *Contini v. Hyundai Motor Co.*, 865 F.Supp. 122 (S.D.N.Y.1994). Such expectations are relevant although not controlling as to whether it was negligent to assume that another stage in the production of the ultimate end-product was the proper one to be expected to install the safety devices involved.

No statutes, judicial decisions, regulations, industry literature, or other material has been offered contradicting the position taken in these affidavits, or suggesting or requiring that manufacturers of underlying vehicle bodies should be expected to install use-specific safety devices. Absence of such material, although not necessarily conclusive, buttresses Paccar's position. See authorities cited, *Contini v. Hyundai*, 840 F.Supp. 22 (S.D.N.Y.1993).

█ The uncontroverted facts fall within a doctrine of New York law that post-delivery modification of a product yielding a more specialized one with additional safety requirements, characterized as a post-delivery modification, shifts responsibility to the downstream entity producing the final use-ready product to install use-specific safety devices, while excusing the upstream manufacturer from responsibility. *Robinson v. Reed–Prentice*, 49 N.Y.2d 471, 426 N.Y.S.2d 717, 403 N.E.2d 440 (1980); see also *Verge v. Ford Motor Co.*, 581 F.2d 384 (3d Cir.1978); *Paul v. Ford Motor Co.*, 200 A.D.2d 724, 607 N.Y.S.2d 90 (1994).

SO ORDERED.