■ CONCETTA SCARANGELLA et al., Appellants, v THOMAS BUILT BUSES, INC., Defendant and Third-Party Plaintiff-Respondent. HUNTINGTON COACH CORP., INC., Third-Party Defendant-Respondent. [672 NYS2d 906] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Gowan, J.), entered May 20, 1997, which, upon granting the motion of the defendant third-party plaintiff Thomas Built Buses, Inc., in which the third-party defendant Huntington Coach Corp., Inc., joined, for judgment during trial made at the close of the plaintiffs' case, dismissed the com-

plaint. The appeal brings up for review an order of the same court (Oshrin, J.), dated April 10, 1996, which granted the motion of the defendant third-party plaintiff to preclude the plaintiffs from asserting any claim that the absence of a back-up alarm on the defendant's school bus constituted a design defect.

Ordered that the order and judgment is affirmed, with one bill of costs.

The injured plaintiff, a school bus driver employed by the third-party defendant Huntington Coach Corp., Inc. (hereinafter Huntington), sustained physical injuries when, while walking in Huntington's bus yard, a school bus operated by a fellow employee hit her while it was backing up. The plaintiff commenced the instant action against Thomas Built Buses, Inc. (hereinafter Thomas), the manufacturer of the bus, contending, *inter alia*, that the bus was negligently and defectively designed in that it was not equipped with an audible back-up alarm.

It appears that during the course of an off-the-record conference, a dispute arose as to whether the absence of a back-up alarm could constitute a design defect under the facts of the case. In response to the court's invitation, Thomas submitted a memorandum of law in support of what the parties later characterized as a motion to preclude the plaintiffs from advancing any claim at trial that the absence of an audible back-up alarm was a design defect. The evidence in support of the motion demonstrated that Thomas offered such a back-up alarm as an option on its buses, but that Huntington decided not to take that option so as not to annoy the residents of homes near its bus yard. By order dated April 10, 1996, the court granted what it labeled as a motion *in limine* to preclude, finding that Huntington's decision eschewing the option for back-up alarms precluded a finding of liability against the manufacturer of the bus.

The matter was tried on the theory that Thomas was negligent for failing to provide certain mirrors on the rear of the bus so as to eliminate a blind spot that obstructed a driver's vision while backing up. However, the court disqualified the plaintiffs' proffered expert witness, a professional engineer whose area of expertise was primarily in building construction, because he had no prior experience concerning the placement of mirrors on the rear of a school bus, granted Thomas's motion for a directed verdict, and dismissed the complaint.

The sole argument advanced by the plaintiffs is that it was error to preclude them from attempting to prove that the

absence of a back-up alarm constituted a design defect which could serve as a basis of liability against the manufacturer. The court correctly determined that Thomas could not be held liable where it offered on its buses an optional back-up alarm, which, at the time, was not a required accessory, and which Huntington chose not to obtain (*see, Patane v Thompson & Johnson Equip. Co.*, 233 AD2d 905; *Paul v Ford Motor Co.*, 200 AD2d 724).

The appellants' remaining contentions are without merit. Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.